Luverne L. ANDERSON and Josephine Rodriguez, Plaintiffs–Appellants,

v.

ALLSTATE INSURANCE COMPANY, a California Corporation et al., Defendants–Appellees.

No. 78–2639.

United States Court of Appeals, Ninth Circuit.

Argued April 10, 1980.

Submitted Aug. 11, 1980.

Decided Oct. 2, 1980.

Gregory Bergman, Los Angeles, Cal., argued, Lewis M. Koss, Irmas, Simke & Chodos, Inc., Los Angeles, Cal., on brief, for plaintiffs–appellants.

James Sanborn, Los Angeles, Cal., argued, Irwin Waldman, Los Angeles, Cal., on brief, for defendants–appellees.

Before TUTTLE,* WALLACE and ALARCON, Circuit Judges.

WALLACE, Circuit Judge:

Plaintiffs Anderson and Rodriguez appeal from district court orders dismissing their action on statute of limitations grounds as to three defendants, striking their amended complaint and summons, and granting sanctions against plaintiffs' attorney. We find appellate jurisdiction despite the fact that the orders appealed from were not initially final orders. We affirm in part and reverse and remand in part.

## I

Anderson was a chiropractic doctor practicing in California, and Rodriguez was his employee. They brought this action in state court in September 1976, alleging that defendants, mainly insurance companies and their agents and employees, had conspired to suppress their exercise of First Amendment rights in warning various patients to seek the aid of legal counsel before entering into negotiations to settle liability claims. In addition to their federal claim of conspiracy to violate civil rights, they alleged state claims of malicious prosecution, abuse of process, and unlawful interference with business relationships. The named defendants were Allstate Insurance Company, State Farm Insurance Company, the Insurance Crime Prevention Institute, several named individuals, and Does 1 to 50. Section 474 of the California Code of Civil Procedure authorizes plaintiffs to sue fictitiously–named Doe defendants to preserve their cause of action against any defendants not yet known or identified.

In January 1978 plaintiffs filed a first amended complaint, adding Farmers Insurance Group, Farmers Insurance Exchange (Farmers), Joseph A. Bachhuber (Bachhuber), and "John Doe Gomez" (Gomez) to the list of named defendants.[1] The amended complaint also retained the original defendants Does 1 to 50. Having been served process pursuant to the filing of the amended complaint, defendants jointly filed, on April 11, 1979, for removal to federal district court based on the presence of a federal claim.

On May 1 plaintiffs moved the district court to remand to state court, contending,

---

* Honorable Elbert Parr Tuttle, United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. Farmers is a reciprocal or inter–insurance exchange, and the separate naming of "Farmers Insurance Group" was apparently erroneous. "John Doe Gomez" was an attempt to name German Gomez, apparently so designated because plaintiffs had not yet obtained his first name.

among other things, that there was no basis for removal jurisdiction because plaintiffs had voluntarily dismissed the federal claim in state court prior to removal. Defendants responded that plaintiffs filed for voluntary dismissal of the federal claim on April 24, almost two weeks after defendants had removed the action to federal court and at a time when the state court lacked jurisdiction to dismiss the federal claim. As the prerequisites for original and pendent jurisdiction were thus properly found, defendants contended that the case had not been "removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c).[2] The district court denied plaintiffs' motion to remand.

On May 17 defendants Farmers, Bachhuber, and Gomez brought a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The motion was based on the contention that the statute of limitations had run as to both the federal and state claims. They alleged that because plaintiffs' amended complaint and summons added them as new defendants, rather than as Doe defendants previously named, the claims against these defendants did not relate back to the filing date of the original complaint. At a hearing on June 5, the district judge granted the motion to dismiss and directed defendants' counsel to prepare an appropriate order.

Subsequent to the district judge's ruling, plaintiffs attempted to overcome the failure of the claims to relate back to the original filing as to the moving parties by serving these defendants with the same amended complaint and a federal summons purporting to serve each "As A Doe Defendant." In response, defendants filed a motion to strike or dismiss the amended complaint and for sanctions against plaintiffs' counsel for abuse of federal service of process. On July 17 the district judge granted the motion to strike and imposed a sanction of $750.00 against plaintiffs' counsel.

Plaintiffs appeal from the order dismissing plaintiffs' action with prejudice, and from the order striking the amended complaint and imposing sanctions on plaintiffs' attorney.

## II

■ A threshold question is whether we have appellate jurisdiction. Because the orders appealed from dismiss the action as to only some of the defendants, it is clear that they were not final orders pursuant to 28 U.S.C. § 1291 at the time they were entered. Moreover, plaintiffs did not obtain the interlocutory certificate required by Fed.R.Civ.P. 54(b). Under these circumstances, we are ordinarily precluded from assuming jurisdiction. *See Stevens v. Security Pacific Nat'l Bank*, 538 F.2d 1387, 1388 (9th Cir. 1976). This is true even if, as here, the jurisdiction issue is raised by neither of the parties. *Burkhart v. United States*, 210 F.2d 602, 605 (9th Cir. 1954).

■ In the case before us, however, that portion of the case remaining in the district court has subsequently been disposed of. In an order filed November 27, 1978, the district court dismissed the federal claim as to the remaining defendants and remanded the state claims to state court. The issue presented is whether, in light of these subsequent developments, we should treat the orders appealed from as final orders. We conclude that we should, and that we therefore have appellate jurisdiction to hear the merits of this case.

Although this is an issue of first impression in this circuit, two other circuits have held that orders adjudicating only some of the claims may be treated as final orders if the remaining claims have subsequently been finalized. *Jetco Electronic Indus., Inc. v. Gardiner*, 473 F.2d 1228, 1231 (5th Cir. 1973); *Frankfort Oil Co. v. Snakard*, 279 F.2d 436, 438 (10th Cir.), *cert. denied*, 364 U.S. 920, 81 S.Ct. 283, 5 L.Ed.2d 259 (1960). In *Jetco*, the district court dismissed the action as to one of three defendants, and

**2.** Section 1447 reads in part:

If at any time before final judgment it appears that the case was removed improvi- dently and without jurisdiction, the district court shall remand the case, . . . . .

several months later entered an agreed judgment as to the other defendants. Although neither was written as a final order, and the appellant had failed to obtain a Rule 54(b) certificate, the court found that:

> [T]hese two orders, considered together, terminated this litigation just as effectively as would have been the case had the district judge gone through the motions of entering a single order formally reciting the substance of the earlier two orders. Mindful of the Supreme Court's command that practical, not technical, considerations are to govern the application of principles of finality, Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), we decline appellee's invitation to exalt form over substance by dismissing this appeal.

*Jetco Electronics Indus., Inc. v. Gardiner, supra,* 473 F.2d at 1231. We find this analysis persuasive.

■ Nor do we believe such a result is foreclosed because it is based upon developments occurring subsequent to the appeal. Analogously, subsequent events can validate a prematurely filed appeal. *See, e. g., Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Lemke v. United States,* 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953) (per curiam) (criminal appeal); *Ruby v. Secretary of Navy,* 365 F.2d 385, 389 (9th Cir. 1966) (en banc), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); *Firchau v. Diamond Nat'l Corp.,* 345 F.2d 269, 271 (9th Cir. 1965). In both *Ruby* and *Firchau,* we entertained appeals from non-final orders granting motions of dismissal. We did so because the district court had subsequently entered judgment based on the order appealed from.

These cases provide clear examples of giving a practical rather than a technical construction to the finality rule, without sacrificing the considerations underlying that rule. There is no danger of piecemeal appeal confronting us if we find jurisdiction here, for nothing else remains in the federal courts. We therefore find that we have jurisdiction.

## III

Plaintiffs first contend that the district court lacked jurisdiction to enter the order dismissing the action. Plaintiffs do not deny that their state court filing for dismissal of the federal claim was ineffectual to prevent removal. They argue, however, that the voluntary dismissal of the federal claim in the district court deprived the court of the jurisdiction it had validly obtained.

■ Plaintiffs' argument reflects a lack of understanding of basic principles of both removal and pendent jurisdiction. It is the law of this circuit "that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Watkins v. Grover,* 508 F.2d 920, 921 (9th Cir. 1974); *Murphy v. Kodz,* 351 F.2d 163, 167 (9th Cir. 1965).

■ It is equally well–established that the dismissal of the federal claim does not deprive a federal court of the power to adjudicate the remaining pendent state claims. *E. g., Rosado v. Wyman,* 397 U.S. 397, 403–04, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1970); *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966); *Arizona v. Cook Paint and Varnish Co.,* 541 F.2d 226, 227 (9th Cir. 1976); *Gray v. Heat & Frost Insulators, Local 51,* 447 F.2d 1118, 1120 (6th Cir. 1971). The district court had power to decide the state law claims.[3]

---

**3.** As plaintiffs did not raise the issue, either in the district court or before us, we need not reach the question whether the district judge abused his discretion in not remanding the state law claims to state court. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Toens-*

*ing v. Brown,* 528 F.2d 69, 72 (9th Cir. 1975); *Williams v. United States,* 405 F.2d 951, 955 (9th Cir. 1969); *Murphy v. Kodz,* 351 F.2d 163, 167–68 (9th Cir. 1965); *Wham–O–Mfg. Co. v. Paradise Mfg. Co.,* 327 F.2d 748, 753–54 (9th Cir. 1964). Similarly, we need not address potential tensions between the above cases and

## IV

On the merits, plaintiffs contend that the district court erred in dismissing its complaint on statute of limitations grounds. We will discuss each of plaintiffs' claims in turn.

### A. Malicious Prosecution and Abuse of Process

Plaintiffs' malicious prosecution claim is based upon criminal charges from which they obtained a judgment of acquittal on April 16, 1976. The abuse of process claim is closely related to the criminal prosecution, as plaintiffs allege that defendants took depositions in pending civil litigation to harass plaintiffs and to gather information with which to further the alleged malicious prosecution. Plaintiffs alleged that they learned of this cause of action in October 1975. The California statute of limitations for both malicious prosecution and abuse of process is one year. *Maier Brewing Co. v. Flora Crane Service, Inc.*, 270 Cal.App.2d 873, 76 Cal.Rptr. 219 (1969) (malicious prosecution); *Simons v. Edouarde*, 98 Cal.App.2d 826, 221 P.2d 203 (1950) (abuse of process); *see* Cal. Code Civ. Proc. § 340(3). Therefore, the statute ran as to the dismissed defendants on both of these claims on April 16, 1977, unless the amendments in the amended complaint related back to September 1976, the original filing of the action.

Prior to reaching the merits of plaintiffs' contentions, we must first determine whether the "relation back" issue is governed by state law or the standards laid down in Fed.R.Civ.P. 15(c). We are persuaded that the question whether the amended complaint stated a cause of action, including whether it was time–barred, is governed by the law of California because the relevant amendments and service of process preceded removal to federal court. *See Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160 (3rd Cir. 1976); *Butner v.*

*Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963), *quoting, Talley v. American Bakeries Co.*, 15 F.R.D. 391, 392 (E.D.Tenn.1954) (federal rules apply only after removal, "and 'neither add to nor abrogate what has been done in the state court prior to removal' "); Fed.R.Civ.P. 81(c). Additionally, when there is a lack of certainty as to the governing state law, we attach great weight to the determinations of a district judge as to the law of the state in which he sits, and we will thus reverse his decision only if it is clearly wrong. *Transport Indemnity Co. v. Liberty Mutual Ins. Co.*, 620 F.2d 1368 at 1370 (9th Cir. 1980); *American Timber & Trading Co. v. First Nat'l Bank*, 511 F.2d 980, 983 (9th Cir. 1973), *cert. denied*, 421 U.S. 921, 95 S.Ct. 1588, 43 L.Ed.2d 789 (1975).

The district court was not clearly wrong in concluding that the dismissed defendants were not added to the complaint, nor served, as fictitious defendants pursuant to section 474 of the California Code of Civil Procedure. As to defendant Bachhuber, it is clear that plaintiffs were not ignorant of his name when they originally filed the complaint, as required by the statute. Plaintiffs included Bachhuber's name in the second allegation of the complaint as originally filed. It is true, as plaintiffs observe, that some California courts have interpreted this requirement broadly. These courts allow relation back when plaintiffs knew the real name of the fictitiously–named defendant, but either did not know the facts giving them a cause of action or were justifiably ignorant that known facts would state a legal claim. *E. g., Johnson v. Goodyear Tire & Rubber Co.*, 216 Cal.App.2d 133, 136–38, 30 Cal.Rptr. 650 (1963). *But see Scherer v. Mark*, 64 Cal.App.3d 834, 840–41, 135 Cal.Rptr. 90 (1976). In this case, however, plaintiffs allegedly only that they had not known all the facts giving rise to a cause of action against defendants Gomez and Farmers. They allege no reason that Bachhuber could not have been named as a defendant in the initial complaint.

the holdings of some courts that plaintiffs may not avoid the exercise of pendent jurisdiction by voluntarily amending their complaint to eliminate the federal claim. *See Brown v. East-* *ern States Corp.*, 181 F.2d 26, 28–29 (4th Cir.), *cert. denied*, 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950); 1A *Moore's Federal Practice* ' 0.160, at 194–96 (2d ed. 1979).

■ As to Farmers and Gomez, the district court was not clearly wrong in concluding that plaintiffs added them as new defendants and not as fictitious defendants previously named. The amended complaint added their names to the list of previously–named individual and corporate defendants and retained the listing of defendants Does 1 to 50. In addition, the summons served on Farmers and Gomez listed them as corporate and individual defendants, respectively, rather than as Doe defendants, and also listed Does 1 to 50 as other named defendants. Under California law, if a defendant is added to an amended complaint as a new defendant, and not as a Doe defendant, the amendment does not relate back to the time of the original complaint. *Scherer v. Mark, supra,* 64 Cal.App.3d at 841–43, 135 Cal.Rptr. 90; *Union Tank & Pipe Co. v. Mammoth Oil Co.,* 134 Cal.App. 229, 25 P.2d 262 (1933); *see Ingram v. Superior Court,* 98 Cal.App.3d 483, 159 Cal.Rptr. 557 (1979).

Plaintiffs do not contest the authority of the cited cases, but they advance several arguments in the attempt to avoid their effect. First, they contend that Farmers was added as a Doe defendant, as evidenced by a reference to Farmers as a Doe defendant in the allegations of the amended complaint. It is true that paragraph 27 of the amended complaint, alleging the claim for interference with business relations, refers to Farmers parenthetically as "DOE 25." This reference reflects that plaintiffs originally named Doe defendants with the intention of inserting later–named defendants as Does. But paragraph 3 of the amended complaint re–asserts that the true names of Does 1 to 50 remained unknown, and elsewhere in the complaint plaintiffs make allegations against both Farmers and Doe defendants without referring to Farmers as a previously named Doe defendant. Reading the amended complaint and summons as a whole, we cannot say that the district court was clearly wrong in concluding that Farmers was added as a new defendant pursuant to California law.

Plaintiffs make a similar argument as to defendant Gomez, observing that he is named as "John Doe Gomez" both in the amended complaint and summons. But these references do not indicate that Gomez is a previously–named Doe defendant, and paragraph 26 of the amended complaint alleges that Gomez' first name is listed as John Doe because it was unknown to plaintiffs at the time of filing the amended complaint. Gomez was added as a new defendant.

■ Finally, plaintiffs argue that their failure to insert defendants as fictitious defendants previously named should have been treated as a technical pleading defect that could be corrected by amendment. Although plaintiffs' failure might be viewed as technical in nature, the cases relied on above do not allow for the degree of liberality that plaintiffs request. As one California court recently observed, "[s]ome discipline in pleading is still essential to the efficient processing of litigation." *Ingram v. Superior Court, supra,* 98 Cal.App.3d at 491, 159 Cal.Rptr. at 561. As the district court was not clearly wrong in concluding that defendants were added as new defendants, the effect was that the statute of limitations had run and that a new amendment was prohibited. *Id.* at 492, 159 Cal. Rptr. 557. The district court thus properly dismissed with prejudice plaintiffs' claims for malicious prosecution and abuse of process.

### B. *Interference with Business Relationships*

A cause of action for tortious interference with business relationships is governed by the two year statute of limitations. Cal. Code Civ. Proc. § 339(1). *Kenworthy v. Brown,* 248 Cal.App.2d 298, 301, 56 Cal. Rptr. 461 (1967); *McFaddin v. H. S. Crocker Co.,* 219 Cal.App.2d 585, 591, 33 Cal.Rptr. 389 (1963). Although the amended complaint was filed within two years of the termination of the criminal prosecution that constituted one of the alleged acts of tortious interference, defendants contend that plaintiffs' claim is so dependent on the alleged malicious prosecution that it should

be governed by the malicious prosecution statute of limitations. We disagree.

 Plaintiffs allege, in addition to acts constituting malicious prosecution, that defendants made false and fraudulent representations to patients and prospective patients about the quality and integrity of Doctor Anderson's practice; told patients and prospective patients that their insurance company would not pay for Doctor Anderson's services; and threatened to terminate patients' policies if they continued to utilize Doctor Anderson's services. These allegations were sufficient to state a separate claim for relief, and the district court therefore erred in concluding that this cause of action was barred by the statute of limitations.

## C. *Conspiracy to Violate Civil Rights*

There appears to be some question whether the district court granted the motion to dismiss as to the civil rights claim brought pursuant to section 1983. We conclude that the court's order did not encompass the civil rights claim because it was already dismissed. The clerk's record before us does not clearly demonstrate whether the district court treated plaintiffs' motion to remand, together with its arguments, as including a "notice of dismissal" pursuant to Fed.R.Civ.P. 41 (a)(1). Nevertheless, both parties advance arguments before us based on the view that the civil rights claim was voluntarily dismissed, and plaintiffs filed in their reply brief a copy of the November 27 order of the district court stating that "plaintiffs voluntarily dismissed the first cause of action of their first amended complaint on or about April 24, 1978." The civil rights action already having been voluntarily dismissed, the amended complaint subject to the June 21 dismissal order simply did not include that claim. We thus need not address the parties' arguments as to whether the civil rights claim would have been barred by the statute.

### V

The final issue is whether the district court properly ordered sanctions against plaintiffs' counsel. Fed.R.Civ.P. 11 allows for "appropriate disciplinary action" for a willful violation of the rule that a pleading is only to be signed if, to the best of counsel's knowledge, information, and belief, there is good ground to support it. Plaintiffs' counsel contends that he acted in the good faith belief that the failure to add defendants as Doe defendants was a technical defect that could be cured by re-serving the defendants. He thus argues that the implicit factual findings to the contrary by the district judge were clearly erroneous.

 The record does not demonstrate that the district judge was clearly wrong. The arguments in support of defendant's motion to dismiss all the claims rested on the statute of limitations ground. There should have been no doubt in the mind of plaintiffs' attorney that the order granting a motion to dismiss on that ground would be with prejudice. Had there been any doubt, he could have made inquiry of the court. Instead, he altered a federal summons form to serve defendants "as Doe defendants"—while leaving the amended complaint intact. Under these circumstances, the district court was not clearly erroneous in finding the necessary factual predicate upon which to base a conclusion that there was an abuse of the court's process and to justify the sanction imposed.

### VI

In summary, we find that the court properly exercised jurisdiction, and we affirm the dismissal of the claims of malicious prosecution and abuse of process, reverse the dismissal of the claim for interference with business relationships, and affirm the award of sanction against plaintiffs' attorney.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.