**Robert J. BABOS, Plaintiff,**

v.

**PARAMOUNT HEIGHTS, INC., an Illinois Corporation, and Retail Clerks International Union, Local No. 98, Defendants.**

**No. 83 C 2833.**

United States District Court,
N.D. Illinois, E.D.

Nov. 1, 1983.

Matthews, Dean, Eichmeier, Simantz & Hem, Aurora, Ill., for plaintiff.

Fern M. Steiner (Local 98), Karmel & Rosenfeld, Chicago, Ill., John G. Plain (Paramount), J. Robert Murphy (Paramount), Aurora, Ill., for defendants.

United States, the case shall be remanded to the state court."

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Robert J. Babos ("Babos") brought this action against Paramount Heights, Inc. ("Paramount") for retaliatory discharge and breach of its implied duty of good faith and fair dealing, and against the Retail Clerks International Union, Local No. 98 ("Local 98"), for breach of its duty of fair representation. Babos' claims against Paramount arise under Illinois law, while the claim against Local 98 is federal, brought under Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185. On August 8, 1983, this Court granted Local 98's motion for summary judgment on the federal claim as well as Paramount's motion to dismiss the remaining state law claims. Presently before the Court is Babos' motion requesting the Court to vacate its judgment dismissing the state law claims and to grant Babos leave to file an amended complaint against Paramount. For the reasons set forth below, this motion is denied.

Babos originally brought this lawsuit in the Circuit Court of Kane County. The case was removed to the federal courts by Local 98, on the ground that the claim asserted against the union involved a federal question. However, this Court has since granted Local 98's motion for summary judgment, and Babos no longer seeks relief from that defendant. The remaining claims which Babos seeks to assert against Paramount are purely matters of state law. Because there is no diversity of citizenship between Babos and Paramount, the state law claims are properly before this Court only under the theory of pendent jurisdiction.

Babos correctly asserts that the dismissal of the federal claims against Local 98 does not deprive this Court of the *power* to adjudicate the remaining pendent state claims. *E.g., Anderson v. Allstate Insurance Co.,* 630 F.2d 677, 681 (9th Cir.1980); *O'Brien v. Continental Illinois National Bank and Trust Company of Chicago,* 593 F.2d 54, 63 (7th Cir.1979). However, the United States Supreme Court has clearly stated that the federal courts should often use discretion and refrain from exercising this power:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (footnotes omitted). It was with this principle in mind that we dismissed Babos' state law claims on August 8, 1983.

Even Babos recognizes that these questions of state law should be decided in a state court. In his Reply Memorandum in Support of the Motion to File an Amended Complaint, Babos asserts that "the proper and preferred procedure in this instance is for the court to allow plaintiff's Motion to File an Amended Complaint and, thereafter, upon petition of either Babos or Paramount, to remand the entire action to the State court for further adjudication." Memorandum, at 12. We believe, however, that granting the motion to file an amended complaint would serve no useful purpose in this situation. Thus, rather than vacating our previous dismissal of the state law claims only to remand or dismiss the claims once more, we will deny the plaintiff's motion. Babos should take his state law claims directly to the court that will ultimately resolve them. It is so ordered.