878 F.2d 1438
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Gary Michael COUTIN, Plaintiff-Appellant,
v.
The PRESIDENT OF HASTINGS' COLLEGE of the Law of the
UNIVERSITY OF CALIFORNIA, et al., Defendants,
Malcolm Lucas, Defendant-Appellee.
 No. 88-5836.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 29, 1989.*
Decided July 10, 1989.
 Before BROWNING, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 MEMORANDUM**
 Gary Michael Coutin ("Coutin") filed suit in district court alleging assorted violations of his federal rights. He named as defendants California Supreme Court Chief Justice Malcolm Lucas, and former Chief Justices Rose Elizabeth Bird and William T. Wallace.[1] Coutin appeals the district court's dismissal of Chief Justice Lucas. Only Coutin and Chief Justice Lucas are parties to the present appeal. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 Boiled down to its essentials, Coutin's complaint alleges that the California Constitution requires that the chief justice of the state supreme court serve as the president of Hastings' College of the Law ("Hastings") and that Chief Justices Lucas, Bird and Wallace improperly participated in state supreme court decisions involving Hastings. In particular, Coutin alleges that Chief Justice Lucas improperly participated in at least two decisions involving Hastings. Apparently, one or more of such decisions involved Coutin as a party.
 
 
 1
 Coutin sued the three chief justices in their capacity as presidents of Hastings' College of Law. Chief Justice Lucas disputes the allegation that he is or ever has been the president of Hastings. The Chief Justice notes that the California Legislature apparently repealed the requirement that the chief justice of the state supreme court serve as Hastings' president. See 1980 Cal.Stat. 3855.
 
 
 2
 The district court granted Chief Justice Lucas' motion to dismiss. The court concluded that: (1) Coutin's complaint failed to state a claim for which relief could be granted under 28 U.S.C. Secs. 1981-1985, (2) the court lacked jurisdiction to declare null and void California Supreme Court decisions, (3) with regard to Coutin's prayer for injunctive relief, there was no case or controversy within the meaning of Article III of the United States Constitution and Coutin did not have standing to sue and (4) the dismissal was also justified for the reasons stated by the court at the hearing on the motion.
 
 
 3
 Coutin promptly filed a notice of appeal which appears premature because the district court had not disposed of Coutin's claims against Chief Justices Bird and Wallace. However, a premature notice of appeal may be cured by the subsequent entry of a final order. Anderson v. Allstate Ins. Co., 630 F.2d 677, 680-81 (9th Cir.1980). Here, the district court entered a final order dismissing the case without prejudice. We therefore have jurisdiction under 28 U.S.C. Sec. 1291. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1072 (1985).
 
 ANALYSIS
 
 4
 Although the district court discussed several grounds for dismissing the claims against Chief Justice Lucas, we need only consider two issues. First, does Coutin have standing to seek an injunction preventing Chief Justice Lucas of the California Supreme Court from participating in decisions involving Hastings? Second, did the district court have jurisdiction to declare particular judgments of the California Supreme Court null and void?
 
 A. Standing
 
 5
 At the core of Article III's standing doctrine is the requirement that: "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). The district court held that Coutin did not have standing to seek the injunctive relief prayed for in his complaint. See Pacific Legal Found. v. State Energy Resources Conservation & Dev. Comm'n, 659 F.2d 903, 910-15 (9th Cir.1981), aff'd, 461 U.S. 190 (1983). On appeal, Coutin only mentioned the standing issue in passing while discussing the factual history of the case. Appellant's Opening Brief at 2. Coutin also failed to refute the Chief Justice's standing arguments.[2]
 
 
 6
 As we explained in United Food and Commercial Workers v. Food Employers Council, Inc., 827 F.2d 519, 522 n. 2 (9th Cir.1987):
 
 
 7
 Rule 28(a)(4) of the Federal Rules of Appellate Procedure requires that "[t]he brief of the appellant shall contain ... [a]n argument.... The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Fed.R.App.P. 28(a)(4). "Issues raised in a brief which are not supported by argument are deemed abandoned."
 
 
 8
 Id. (citations omitted). By failing to present a meaningful argument to overturn the district court's decision on the standing issue, Coutin has waived that issue on appeal.
 
 
 9
 B. Jurisdiction to Void State Court Judgments
 
 
 10
 Coutin's complaint also prayed for a judgment declaring null and void every decision involving Hastings in which Chief Justice Lucas participated. Even if we were to assume that Coutin has standing to challenge the decisions he identifies as involving Hastings and in which Chief Justice Lucas participated, the district court did not have jurisdiction to declare the decisions void. See Worldwide Church of God v. McNair, 805 F.2d 888, 890-93 (9th Cir.1986); Allah v. Superior Court, 871 F.2d 887, 890-91 (9th Cir.1989). As we explained in McNair, "[t]he United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings. 28 U.S.C. Sec. 1257 provides that the proper court in which to obtain such review is the United States Supreme Court." McNair, 805 F.2d at 890; accord Allah, 871 F.2d at 891.
 
 CONCLUSION
 
 11
 We affirm the district court's order dismissing Chief Justice Lucas as a defendant. The parties argue a number of other issues on appeal which we do not reach because it is not necessary to do so to resolve this appeal.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chief Justice Wallace was the Chief Justice of California's Supreme Court from 1872 to 1879
 
 
 [2]
 Coutin filed a declaration requesting permission to file an oversize reply brief. We construe the declaration as a motion for leave to file the nonconforming brief. The motion is granted and the reply brief is ordered filed