978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcial NUNO, Plaintiff-Appellant,
v.
CITY OF CALEXICO, Defendant-Appellee.
 No. 91-55396.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1992.*
Decided Nov. 3, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and ROLL,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Marcial Nuno, terminated in 1985 from his employment with the City of Calexico (City), appeals pro se from the district court's summary judgment dismissal of portions of his 42 U.S.C. §§ 1981, 1983, and 1985 and Title VII action against the City. See Order (Oct. 26, 1990). We affirm.
 
 I.
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 The City of Calexico, Appellee, hired Marcial Nuno, Appellant, as a police officer on November 30, 1981. Nuno was at that time a permanent resident alien.
 
 
 5
 California Government Code § 1031.5, which became effective on September 13, 1982, requires the disqualification from peace officer status of permanent resident aliens employed as peace officers who either (1) do not cooperate with the Immigration and Naturalization Service to become a United States citizen within three years of their application for employment or (2) are refused citizenship. On June 11, 1985, pursuant to the City's interpretation of the statute and based on Nuno's failure to pass his citizenship test, Nuno was terminated. Following his termination, there were several months of administrative appeals and hearings, ending with the City council's decision on February 26, 1986, affirming Nuno's termination.[1]
 
 
 6
 The district court deemed Nuno's initial complaint filed September 7, 1988. This complaint contained claims based on both state and federal law. In April 1990, Nuno amended his complaint. Because the amended complaint was based on the same conduct as the original pleading, the district court held that the claims contained therein referred back to the September filing date. At that time, the court also held that it would not consider the pendent state claims. Rather, it explicitly held that it would consider only Nuno's 42 U.S.C. §§ 1981, 1983, and 1985 actions, as well as his Title VII action.
 
 
 7
 On the City's motion for summary judgment, the district court dismissed all of Nuno's civil rights claims which had accrued prior to September 7, 1987, because Nuno failed to file these claims within the applicable statute of limitations. The district court also dismissed all but two of Nuno's Title VII claims.[2]
 
 
 8
 Although the judge made specific inquiries of Nuno to determine if the time limits were tolled, Nuno offered the district court no evidence to support a finding by the court that the statute of limitations was tolled.
 
 
 9
 On April 5, 1991, after another motion for summary judgment by the City, the remainder of Nuno's claims were dismissed.[3]
 
 II.
 DISCUSSION
 
 10
 Nuno appeals from the district court's dismissal of his pre-September 7, 1987, civil rights claims, as well as the district court's refusal to exercise jurisdiction over his pendent state claims. The district court's grant of summary judgment is reviewed de novo. Lojek v. Thomas, 716 F.2d 675, 677 (9th Cir.1983).
 
 A. Pendent State Claims
 
 11
 Nuno's original complaint contained claims based both on federal and state law. Nuno then amended his complaint. Prior to addressing the issue of the statute of limitations applicable to Nuno's civil rights claims, the district court determined that Nuno's amended complaint contained no recognizable pendent state claims. Nuno characterizes this finding as the "dismissal" of his pendent state claims.
 
 
 12
 The exercise of the federal courts' power to hear pendent state claims is discretionary. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725-26 (1966). Bringing pendent state claims in the federal courts is not a "plaintiff's right." 383 U.S. at 726. When deciding whether to exercise its power to hear pendent state claims, a court must consider "judicial economy, convenience and fairness to litigants." 383 U.S. at 726; Notrica v. Bd. of Supervisors of County of San Diego, 925 F.2d 1211, 1213 (9th Cir.1991).
 
 
 13
 In this case, the district court determined that it would not attempt to address any pendent state claims which might possibly be contained within Nuno's amended complaint. The court explains in its order that Nuno "does not identify claims in the body of [his] complaint and trying to get clarified what is alleged has been a time-consuming and unsuccessful task for both this court and Magistrate McKee." The district court held that it would consider only Nuno's several federal claims.
 
 
 14
 The district court unsuccessfully attempted to ascertain the pendent state claims in Nuno's amended complaint, then ruled that it would decide only Nuno's federal claims. The court clearly considered both judicial economy and convenience in making its determination. The district court's refusal to hear any possible pendent state claims which might be hidden in the amended complaint was a proper exercise of its discretion.
 
 B. Statute of Limitations
 
 15
 Nuno also appeals the district court's granting of the City's motion for summary judgment. In so ruling, the district court dismissed all of Nuno's pre-September 7, 1987, civil rights claims as time-barred by the applicable statute of limitations. In reaching this conclusion, the district court first properly collapsed Nuno's redundant due process violation claim into his 42 U.S.C. § 1983 claim. See Zinermon v. Burch, 494 U.S. 113 (1990). The court then determined that the applicable statute of limitations on 42 U.S.C. §§ 1981, 1983, and 1985 claims arising in California is one year. Because Nuno offered no explanation as to why the statute should be tolled, the court concluded that the statute of limitations barred all claims which accrued earlier than one year before the September 7, 1988, filing date of Nuno's first complaint.
 
 
 16
 California's one year statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. McDougal v. County of Imperial, 942 F.2d 668, 672-74 (9th Cir.1991) (state personal injury limitation statute governs § 1981 claims); Wilson v. Garcia, 471 U.S. 261 (1985) (state personal injury limitation statute governs § 1983 claims); Bougher v. Univ. of Pittsburgh, 882 F.2d 74 (3d Cir.1989) (state personal injury statute of limitations applies to claims under §§ 1983 and 1985). The district court properly dismissed all of Nuno's civil rights claims which accrued more than one year before he filed his first complaint.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 During the pendency of his administrative appeals, Nuno was provided time to take a retest. He failed to appear for the retest
 
 
 [2]
 Nuno filed a complaint with the Equal Employment Opportunity Commission (EEOC) in August 1987. He claims that he received a "right to sue" letter on or about June 7, 1988. To determine the nature and timing of the charges which Nuno brought to the EEOC, the district judge's law clerk, at the direction of the judge, contacted the EEOC. The parties agreed to this procedure
 As a result of the law clerk's inquiries to the EEOC, the district court held that the only Title VII violations properly before the court were the City's refusal to rehire Nuno in April 1987 and the City's alleged negative employment reference made in December 1987. The district court granted summary judgment to the City on the remainder of Nuno's Title VII claims, holding that the claims were barred because either they were not brought to the EEOC at all or were brought to the EEOC too late.
 Nuno does not appeal the dismissal of the Title VII claims.
 
 
 [3]
 When filed, this appeal was premature. However, with the subsequent granting of summary judgment dismissing the remainder of the case in the district court, see Judgment in a Civil Case of the United States District Court, Southern District of California (entered April 5, 1991), we have jurisdiction over this appeal under 28 U.S.C. § 1291. See Anderson v. Allstate Ins. Co., 630 F.2d 677, 680-81 (9th Cir.1980)
 Nuno filed another appeal, No. 91-55939, following the district court's granting of the City's second summary judgment motion, but we dismissed that appeal because Nuno failed to file a timely notice of appeal. In any event, because the second summary judgment motion dismissed the case in district court, we may today consider all of Nuno's arguments in this appeal.