991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antun DAMJANOVIC, Milagros Damjanovic, Klara Damjanovic, by
and through her guardian ad litem, Antun
Damjanovic, Plaintiffs-Appellants,
v.
Robert AMBROSE, Martha Dale England, Robert L. Ruegger,
Stephen R. Dean, Sherman Block, and the County of
Los Angeles, Defendants-Appellees.
 No. 91-56070.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided April 15, 1993.
 
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs-Appellants ("the Damjanovics") appeal the district court's orders (1) denying their motion to amend their Second Amended Complaint to add James Clark ("Clark") as a defendant; (2) dismissing, sua sponte, defendants County of Los Angeles and Sherman Block ("County Defendants"); and (3) granting the motion for summary judgment by defendants Robert Ambrose and Martha Dale England ("Accountant Defendants") and denying the Damjanovics' motion for reconsideration of that order.
 
 
 3
 Initially, we reject the County Defendants' argument that this court lacks jurisdiction over this appeal in that there is no final adverse judgment because the Damjanovics' action was dismissed on their motion for voluntary dismissal. See Unioil v. E.F. Hutton & Co., 809 F.2d 548, 554 (9th Cir.1986), cert. denied sub nom. Barton v. E.F. Hutton & Co., 484 U.S. 822 (1987), citing Anderson v. Allstate Ins. Co., 630 F.2d 677, 680-81 (9th Cir.1980). We view the order of dismissal as effective only as to the defendants remaining in the case on the date of its entry.
 
 
 4
 The district court did not abuse its discretion in denying the Damjanovics' motion to amend. The Damjanovics' motion was untimely. Moreover, they failed to show their allegations were a proper subject of relief. See Foman v. Davis, 371 U.S. 178, 182 (1962). With the exception of a reference to "other disclosures since learned of," the Damjanovics' motion and supporting documents premise Clark's liability on his alleged perjury during Antun's second criminal trial and the discovery of that perjury during his third criminal trial. See Briscoe v. LaHue, 460 U.S. 325 (1983).
 
 
 5
 The district court erred in dismissing sua sponte, the County Defendants. While a district court has the inherent authority to dismiss frivolous actions, see Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir.1988), where, as here, prior to dismissing the County Defendants, the district court denied their motion for summary judgment, it exceeded its authority in doing so.
 
 
 6
 The district court did not err in granting the Accountant Defendants' motion for summary judgment nor in denying the Damjanovics' motion for reconsideration of its decision to grant that motion. The Damjanovics point to no evidence supporting their theory that the Accountant Defendants agreed to conspire to give false testimony "to promote [defendant Robert L.] Ruegger's false justification for his use of force and violence." The "markedly different" accounts of the underlying events given by the Accountant Defendants and defendants Ruegger and Stephen R. Dean ("the Officers") and Clark's allegedly perjured testimony do not support this theory. Even assuming the evidence provided by the Accountant Defendants to the Los Angeles district attorney was false, it is difficult to see how the Accountant Defendants' "markedly different" account of the underlying events "conform" with that given by the officers.
 
 CONCLUSION
 
 7
 We AFFIRM the district court's orders denying the Damjanovics' motion to amend, granting the Accountant Defendants' motion for summary judgment, and denying the Damjanovics' motion for reconsideration. We REVERSE the district court's order dismissing, sua sponte, the County Defendants.
 
 
 8
 Each party shall bear their own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3