52 F.3d 334
 75 A.F.T.R.2d 95-1773
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry J. OLLERDESSEN, Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant,
and
Frutec Inc., a corporation, Defendant/Appellee.
 No. 93-16937.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 16, 1995.*
Decided April 5, 1995.
 
 Before: GOODWIN, CANBY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry J. Ollerdessen (Ollerdessen) held a security interest in a grape crop purchased by Frutec, Inc. (Frutec), from the Muscat Ranch and Ardzrooni Farms (collectively referred to as the "partnerships"). The Internal Revenue Service (IRS) served a notice of levy on Frutec indicating the delinquent taxpayers as Ardzrooni Farms, Edward Ardzrooni, Paul Ardzrooni, and their partnership interest in the Muscat Ranch. Pursuant to the levy, Frutec surrendered the proceeds from the grape crop to the IRS.
 
 
 3
 Ollerdessen filed suit against the IRS and Frutec in the district court alleging wrongful levy upon his property pursuant to 26 U.S.C. Sec. 7426 and wrongful conversion of Ollerdessen's funds pursuant to 26 U.S.C. Sec. 6331(b). The district court dismissed with prejudice the complaint against Frutec for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and held that Frutec was immune from liability pursuant to 26 U.S.C. Sec. 6332(e).
 
 1. Jurisdiction
 
 4
 Contrary to Frutec's contention that Ollerdessen's notice of appeal was invalid, we hold that we have jurisdiction to hear this appeal. The district court dismissed Frutec on August 10, 1993. Then, on August 16, 1993, it dismissed the "entire case" for lack of prosecution. Thereafter, on October 8, 1993, Ollerdessen timely filed a notice of appeal from the order dismissing Frutec. See Fed.R.App.P. 4(a)(1) (allowing 60 days to file notice of appeal if agency of United States is a party).
 
 
 5
 Necessarily, the court's August 16th order dismissed the United States, the only remaining defendant, as a consequence of its dismissal of "the entire case." Thus, the case was final as to all parties when Ollerdessen filed his notice of appeal on October 8, and the notice of appeal was valid. Cf. Anderson v. Allstate Ins. Co., 630 F.2d 677, 680 (9th Cir.1980) (assuming jurisdiction of case where district court dismissed all defendants prior to appeal).
 
 
 6
 2. Immunity from Liability under 26 U.S.C. Sec. 6332(e)
 
 
 7
 Ollerdessen argues Frutec is not entitled to immunity pursuant Sec. 6332(e) because Frutec was not in possession of the property at the time of the levy. We reject this argument. Although Frutec may not have been in possession of all the grapes at the time of the levy, it was obligated to the partnerships to pay for all conforming grapes delivered to it. This obligation arose when Frutec contracted with the partnerships for the grapes, and it remained at the time the IRS served the notice of levy. Thus, pursuant to Sec. 6332(a), Frutec was required to discharge its obligation to the IRS. See 26 U.S.C. Sec. 6332(a) ("[A]ny person ... obligated with respect to ... property subject to levy upon which a levy has been made shall ... discharge such obligation to the Secretary...." (parenthesis omitted)). By discharging its obligation with regard to property subject to the levy, Frutec acquired Sec. 6332(e) immunity. See 26 U.S.C. Sec. 6332(e) ("Any person ... obligated with respect to property ... subject to levy upon which a levy has been made who ... discharges such obligation ... shall be discharged from any obligation or liability to the delinquent taxpayer and other person...." (parenthesis omitted)).
 
 
 8
 Furthermore, even if Frutec did not have a clearly established obligation to the partnerships at the time of the levy, at the very least, the partnerships had an apparent interest in the proceeds they would receive from Frutec for grape deliveries. This apparent interest is sufficient to relieve Frutec of liability to Ollerdessen. See 26 C.F.R. Sec. 301.6332-1(c)(2) ("[I]f the delinquent taxpayer has an apparent interest in property ... a person who makes a good faith determination that such property ... has been levied upon ... and who surrenders the property ... is relieved of liability to a third party who has an interest in the property....").
 
 
 9
 Ollerdessen also argues Frutec is not immune from liability pursuant to Sec. 6332(e) because the property subject to the levy belonged to the partnerships and could not be levied upon to satisfy Edward and Paul Ardzrooni's delinquent taxes. However, Ollerdessen neither made this allegation in his complaint, nor did he make the argument to the district court. Thus, we decline to consider it on appeal. See In re Wind Power Sys., Inc., 841 F.2d 288, 290 n. 1 (9th Cir.1988) ("As a general rule, the court of appeals does not consider issues raised for the first time on appeal.").
 
 
 10
 3. Dismissal of Claims against Frutec with Prejudice
 
 
 11
 Ollerdessen, relying on Fed.R.Civ.P. 15(a), argues the district court erred by dismissing his claims against Frutec with prejudice, thereby denying him the opportunity to amend his complaint. This argument fails for two reasons.
 
 
 12
 First, Ollerdessen did not have an absolute right to amend his complaint. Rule 15(a) allows a party the opportunity to amend its complaint as a matter of course "before a responsive pleading is served," Fed.R.Civ.P. 15(a), and "a motion to dismiss is not a responsive pleading within the meaning of the Rule. Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986) (internal quotations and brackets omitted). However, Frutec filed a responsive pleading, an answer, to Ollerdessen's complaint before it filed its motion to dismiss. Consequently, under Rule 15(a), Ollerdessen could have only amended his complaint pursuant to permission of the court or written consent of Frutec.
 
 
 13
 Second, the district court would not have been required to grant Ollerdessen leave to amend his complaint. We have previously held that "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Id. (emphasis added). Ollerdessen offers no additional allegation of facts which he could have made in order to establish Frutec was not entitled to immunity. Absent allegation of other facts consistent with the challenged pleading which could possibly cure the deficiency, the district court was not required to grant Ollerdessen leave to amend his complaint. See id. Because he could not cure any deficiency in his complaint through amendment, we hold that the district court did not err by dismissing the claims against Frutec with prejudice.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3