62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joni GOLDYN, a/k/a Joan Carver, Plaintiff-Appellant,
v.
John MORAN, Defendant,
and
Richard Meyers; Elias Ghanem, Defendants-Appellees.
 No. 93-16664.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this civil rights action, Joni Goldyn appeals pro se the district court's order granting summary judgment in favor of Dr. Richard Meyers and Dr. Elias Ghanem. Goldyn alleged the prison doctors were deliberately indifferent to her medical needs while she was in pretrial custody. On appeal, Goldyn contends that the district court should not have entered summary judgment without allowing her to develop evidence to support her case. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Initially, we note that Goldyn appealed from an order that did not dispose of all of the parties in the lawsuit and the district court did not certify the order for immediate appeal under Fed. R. Civ. P. 54(b). While the appeal was pending, however, the district court entered an order dismissing the remaining parties on the remaining claims. Goldyn filed a notice of appeal from that order. (Goldyn v. Moran, No. 95-16331). Consequently, we have appellate jurisdiction. Anderson v. Allstate Ins. Co., 630 F.2d 677, 680-81 (9th Cir. 1980).
 
 
 4
 Goldyn contends that the district court denied her an equal opportunity to present her side of the case because she was incarcerated and therefore prevented from securing depositions from nurses and guards who would present vital proof. We disagree. A party may move to stay summary judgment pending further discovery. Fed. R. Civ. P. 56(f). The party, however, bears the burden of showing that the continuance would allow her to discover specific, essential facts that would defeat the summary judgment motion. Terrell v. Brewer, 935 F.2d 1015, 1017-18 (9th Cir. 1991).[1]
 
 
 5
 Here, Goldyn's case had been pending in the district court for two and one-half years before Meyers and Ghanem moved for summary judgment. During that time, Goldyn, although incarcerated, had conducted discovery successfully as the record shows that she obtained medical records from her doctors, administrative records from the prison, and answers to interrogatories. See Klingele v. Eikenberry, 849 F.2d 409, 412 n.1 (9th Cir. 1988) (a pro se prisoner may not have the means to conduct discovery such as taking depositions, but she is entitled to an opportunity to serve interrogatories or request documents). Goldyn does not state what specific evidence she hoped to uncover if given time to secure affidavits from unnamed nurses and guards. In light of the compelling evidence submitted by Meyers and Ghanem showing Goldyn had not established deliberate indifference to her medical needs, Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (to establish a civil rights violation for medical mistreatment, the prisoner must establish deliberate indifference, not mere negligence), Goldyn has not shown that further discovery would uncover essential evidence in her favor, see Terrell, 935 F.2d at 1018. Accordingly, we conclude that the district court did not err by ruling on the summary judgment motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We review for abuse of discretion the district court's denial of a motion to stay summary judgment. Terrell, 935 F.2d at 1017. Although Goldyn did not move to stay the summary judgment motion, she argued that she needed the medical records possessed by Dr. Kaiser, a non-party, before she could respond completely to the summary judgment motion. In a separate order, the district court concluded that Dr. Kaiser had complied with Goldyn's document request