Jose Antonio IBARRA–CORTEZ,
Plaintiff–Appellant,

v.

DRUG ENFORCEMENT ADMINIS-TRATION; Immigration and Naturalization Service; United States Department of Justice; United States State Department; John Ashcroft, Attorney General; Colin Powell, Secretary of State; Thomas A. Constantine, Administrator of United States Drug Enforcement Administration; and Does 1–50, inclusive, Defendants—Appellees.

No. 01–56220.

D.C. No. CV–99–01631–MJL/LSP.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted June 5, 2002.

Decided June 10, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Jose Antonio Ibarra–Cortez ("Ibarra–Cortez") appeals from the district court's judgment determining that the Drug Enforcement Administration ("DEA") properly denied his Freedom of Information Act ("FOIA") request for all records linking him to drug trafficking activities. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

I

We possess appellate jurisdiction despite the fact that Ibarra–Cortez pursued this appeal while litigating his civil rights claims with the district court. The district court has now dismissed those claims and no other claims remain pending with the district court. "[O]rders adjudicating only some of the claims may be treated as final orders if the remaining claims have subsequently been finalized." *Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 680 (9th Cir. 1980). Thus, we possess jurisdiction to reach the merits of this appeal.

II

Kevin Janet's affidavits satisfy the DEA's burden in showing that the requested documents fall within the FOIA law enforcement exemption for confidential sources. *See* 5 U.S.C. § 552(b)(7)(D). Janet's affidavits identify each document withheld and show that each contains information derived from confidential sources. *See, e.g., Rosenfeld v. United*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States Dep't of Justice,* 57 F.3d 803, 813–14 (9th Cir.1995). His affidavits also explain that Ibarra–Cortez might be able to deduce the identity of the informants because they detail specific events and circumstances. Nothing more is required; the affidavits afforded Ibarra–Cortez a "meaningful opportunity" to contest the withholding of the records. *Fiduccia v. United States Dep't of Justice,* 185 F.3d 1035, 1042 (9th Cir.1999) (internal quotation marks omitted).[1]

We similarly cannot conclude that the court erred in failing to segregate any portion of the records. *See* 5 U.S.C. § 552(b). Janet's affidavit adequately shows that the heart and substance of the requested records are confidential source information.

### III

Ibarra–Cortez contends that we must disregard Janet's affidavits because he proceeded in bad faith. On this record, we cannot agree. Ibarra–Cortez has proffered no evidence to show that Janet misrepresented the nature of a proposed meeting between DEA agents and Ibarra–Cortez. Janet did not make a material misstatement in describing whether Ibarra–Cortez's file remained open. While Janet mistakenly borrowed language from an unrelated affidavit, his mistake amounts to nothing more than mere negligence. Finally, Janet did not fail to disclose all of the relevant records because he explicitly described the criteria for his search.

### IV

We conclude that Janet's affidavits adequately justify the DEA's refusal to dis-

---

close the requested records. Accordingly, we decline to conduct an *in camera* review of the records. *See, e.g., Maricopa Audubon Soc'y v. United States Forest Serv.,* 108 F.3d 1089, 1092 n. 2 (9th Cir.1997).

**AFFIRMED.**

---

1. In light of our decision, we need not decide whether the documents also fall within the law enforcement exemptions for physical

safety, personal privacy, and enforcement proceedings.

