**Uri TAMIR, Plaintiff–Appellant,**

v.

**VIRGIN ATLANTIC AIRLINES, Defendant–Appellee.**

**No. 05–55856.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

608

Uri Tamir, Los Angeles, CA, pro se.

Jeffrey D. Wolf, Condon & Forsyth, Los Angeles, CA, for Defendant–Appellee.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Uri Tamir appeals pro se from the district court's order granting Virgin Atlantic Airlines' motion for partial summary judgment and limiting Tamir's recovery for his lost luggage pursuant to the Warsaw Convention. Because the district court subsequently entered judgment against defendant, we have jurisdiction. *See, e.g., Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680–81 (9th Cir.1980) (exercising appellate jurisdiction over orders that were not final when entered, where remaining claims were later disposed of, and noting that "subsequent events can validate a prematurely filed appeal"). We review de novo, *see Rodriguez v. Ansett Australia Ltd.*, 383 F.3d 914, 916 (9th Cir.2004), and we affirm.

■ We agree with defendant that Tamir has waived any issue on appeal by failing to make any legal arguments in his opening brief. *See Ind. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir.2003) ("we will not consider any claims that were not actually argued in appellant's opening brief"). Moreover, we find no error in the district court's determination that Tamir failed to raise a genuine issue of fact regarding his contention that defendant's liability for checked baggage was not limited by Article 22(2) of the Warsaw Convention. *See* 49 U.S.C. § 40105 and accompanying notes. Accordingly, the district court's order granting defendant partial summary judgment is affirmed.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

