NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| METHVEN AND ASSOCIATES PROFESSIONAL CORPORATION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> LISA SIMONE KELLEY, as Administrator of the Estate of Nina Simone; et al., <br><br> Defendants-Appellees, <br><br> W. CHARLES ROBINSON, <br><br> Real-party-in-interest-Appellant, <br><br> and <br><br> SCARLETT PARADIES-STROUD, as administrator of the Estate of Andrew B. Stroud; et al., <br><br> Defendants. | No. 15-15079 <br><br> D.C. No. 4:13-cv-01079-JSW <br><br><br> MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Appeal from the United States District Court for the
Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: KLEINFELD, TASHIMA and M. SMITH, Circuit Judges.

Appellant W. Charles Robinson brings this appeal from a December 19, 2013 sanctions order (the Sanctions Order) and a September 23, 2014 order finding him in civil contempt (the Contempt Order), both entered in *Methven and Associates Professional Corp. v. Paradies-Stroud*, 4:13-cv-01079-JSW.[1]

We previously held that we lacked jurisdiction over any interlocutory appeal from the Sanctions Order. *See Methven and Assocs. Prof'l Corp. v. Robinson*, 14-15019, Dkt. No. 9. Similarly, we lacked jurisdiction over the appeal from the Contempt Order at the time the notice of appeal was filed: While findings of civil contempt against non-parties are generally immediately appealable, "[t]his rule of appealability is not applicable [] if there is a substantial congruence of interests

---

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]     While Robinson contends that Scarlett Paradies-Stroud, Andy Stroud, Inc., and Stroud Productions and Enterprises, Inc. (together, the "Stroud Parties") are additionally appellants, the Stroud Parties were not named as appellants in the caption or body of the operative notice of appeal, nor was their intent to appeal apparent on the face of that notice. Fed. R. App. P. 3(c). They are therefore not parties to the appeal. *See Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1148–49 (9th Cir. 2003).

2

between the nonparty and a party to the action." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 747 F.2d 1303, 1305 (9th Cir. 1984). Here, Robinson has explicitly argued that his clients, the Stroud Parties, have interests congruent with his and that they intended to join all arguments made on appeal. Thus at the time the appeal was noticed, we lacked jurisdiction.

However, "the rule in this circuit [is] that once a final judgment is entered, an appeal from an order that otherwise would have been interlocutory is then appealable." *In re Eastport Assocs.*, 935 F.2d 1071, 1075 (9th Cir. 1991) (citing *Anderson v. Allstate Ins. Co.,* 630 F.2d 677 (9th Cir. 1980)). Final judgment has now been entered in the district court, and this court therefore may exercise jurisdiction.

Robinson's appeal nevertheless fails for multiple reasons.

First, as we have previously held, Robinson lacks standing to challenge the Sanctions Order's revocation of his *pro hac vice* status. *Methven and Assocs. Prof'l. Corp.*, 14-15019, Dkt. No. 9.[2]

Second, Robinson has waived any challenge to the Contempt Order. Prior to finding Robinson in civil contempt, the district court issued two separate orders to show cause and set a hearing on the second of those orders. Robinson did not

---

[2]    The Sanctions Order also imposed a monetary sanction.

3

respond to either order, nor did he appear at the hearing. Robinson did not argue to the district court that a contempt finding was improper; he cannot do so now on appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998–99 (9th Cir. 2012).

Third, the district court did not abuse its discretion by entering either the Sanctions or the Contempt Order. Regarding the Sanctions Order, courts may impose sanctions upon finding that an individual engaged in conduct "tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). The district court found that Robinson had engaged in such conduct, describing, *inter alia*, his continued disregard for the local rules and misleading statements made in contravention of the district court's specific orders. The district court's findings are supported by the record and not clearly erroneous; accordingly, the imposition of monetary sanctions was not an abuse of discretion.

Regarding the Contempt Order, courts have wide latitude to find individuals in contempt for violation of court orders. *See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 957 (9th Cir. 2014). Here the district court issued the unambiguous Sanctions Order, which we made clear to Robinson was not immediately appealable. Robinson nevertheless failed to comply with that and a subsequent sanctions order, and further failed to respond to the district court's repeated orders to show cause as to why he should not be held in contempt.

4

It is uncontested that the sanctions entered against Robinson have yet to be paid. In light of Robinson's clear violation of unambiguous court orders, the district court did not abuse its discretion by finding him in civil contempt.

AFFIRMED, but DISMISSED as to the appeal from the Sanctions Order's revocation of Robinson's *pro hac vice* admission.