**Ralph S. CATO, Plaintiff–Appellee,**

v.

**FRESNO CITY; Daryl Balch, Defendants–Appellants,**

and

**J. Bradin; R. Matsumoto, Defendants,**

and

**Michael G. Marderosian, Appellant.**

**No. 96–17245.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1999

Filed Aug. 17, 2000

Michael G. Marderosian, Marderosian, Swanson, Oren & Paboojian, Fresno, California, pro per for the appellant.

No appearance for the plaintiff-appellee.

**1074**

Before: BROWNING, RYMER, and KLEINFELD, Circuit Judges.

PER CURIAM:

■ The question is whether an order imposing sanctions against an attorney pursuant to Fed.R.Civ.P. 16(f) is immediately appealable. Applying the principles established in *Cunningham v. Hamilton County,* 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (holding that sanctions orders under Fed.R.Civ.P. 37(a)(4) are not immediately appealable), we hold that such orders are appealable only after final judgment has been entered in the underlying action.[1]

**I.**

· Counsel of record for defendants appeals from an order imposing sanctions under Fed.R.Civ.P. 16(f). After issuing a series of orders to show cause why counsel should not be sanctioned for late filings and other violations of the final pretrial order, the district court sanctioned the attorney $7500 pursuant to Fed.R.Civ.P. 16(f). The attorney appealed within thirty days of the issuance of the sanctions order. After the sanctions order issued, but prior to the close of the underlying case, the attorney was removed as counsel for defendants. Judgment in the underlying case was entered for defendants some time later.

■ Title 28 U.S.C. § 1291 vests courts of appeals with jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. In *Cunningham v. Hamilton County,* the Supreme Court held that an order imposing sanctions on an attorney pursuant to Fed. R.Civ.P. 37 is not a "final decision" under 28 U.S.C. § 1291 and does not fall under the collateral order doctrine exception to § 1291, even when the attorney no longer represents any party in the case. 527 U.S. 198, 200, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). The collateral order doctrine provides an exception to § 1291 for " 'decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action.' " *Id.* at 204, 119 S.Ct. 1915 (quoting *Swint v. Chambers County Comm'n,* 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)). The Court explained that, although Rule 37 sanctions orders are conclusive, they "often will be inextricably intertwined with the merits of the action" and are not ."effectively unreviewable" on appeal after final judgment in the underlying case. *Id.* at 205–07, 119 S.Ct. 1915. *Cunningham* emphasized that allowing immediate appeal of Rule 37 sanctions orders would undermine the final judgment rule by interfering with trial judges' discretion to structure sanctions and permitting piecemeal appeals. *See id.* at 209, 119 S.Ct. 1915. The reasons underlying *Cunningham*'s bar against immediate appeal from Rule 37 sanctions orders apply equally to Rule 16 sanctions orders. · Defendants' attorney's appeal from the district court's sanctions order was therefore premature. ·

■ However, we can assume jurisdiction based on a prematurely filed notice of appeal when "subsequent events can validate [the] prematurely filed appeal." *Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 681 (9th Cir.1980); *see Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.),* 935 F.2d 1071, 1075 (9th Cir.1991). We take "a pragmatic approach to finality in situations where events sub-

---

1. Rule 37 provides generally for the use of sanctions during the discovery process. *See* Fed.R.Civ.P. 37. Subsection (a)(4) of Rule 37 provides for the imposition of monetary sanctions against persons unjustifiably resisting discovery. *See* Fed.R.Civ.P. 37(a)(4). Rule

16 addresses pretrial conferences, scheduling and case .management. *See* Fed.R.Civ.P. 16(a)-(e). Subsection (f) provides for the imposition of sanctions on parties or their attorneys for failure to comply with pretrial orders. *See* Fed.R.Civ.P. 16(f).

sequent to a nonfinal order fulfill the purposes of the final judgment rule." *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1075 (9th Cir.1994). The defect in the defendants' attorney's immediate notice of appeal (under the new rule of *Cunningham* ) has been cured by the entry of final judgment in the underlying action. *See Anderson*, 630 F.2d at 681 ("There is no danger of piecemeal appeal confronting us if we find jurisdiction here, for nothing else remains in the federal courts."); *In re Eastport Assocs.*, 935 F.2d at 1075. We therefore exercise jurisdiction over this appeal. In a separately filed memorandum disposition, we conclude that the attorney's objection to the amount of the sanction is without merit.

AFFIRMED.