Michaela D. WEIDENFELD,
Plaintiff—Appellant,

v.

CORRECTIONAL MEDICAL SERVICES OF ST. LOUIS; Medpartners, Inc.; Virginia Wilham, Defendants,

and

EMSA Correctional Care, Inc.; Emsa Limited Partnership; Richard Kirkland; Chris C. Moore; Robert Towery; County of Washoe, Defendants—Appellees.

No. 01–15853.

D.C. No. CV–99–00308–DWH(PHA).

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2002.*

Decided April 23, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Before O'SCANNLAIN and
TALLMAN, Circuit Judges, and KING,** District Judge.

MEMORANDUM ***

After being discharged from her job as a nurse at the Washoe County Jail, Michaela Weidenfeld brought suit alleging discrimination on the basis of age, sex and national origin as well as a number of constitutional claims. The district court awarded summary judgment to all defendants-appellees. We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.

Because the parties are familiar with the factual background, we do not recite the details here. We review awards of summary judgment de novo. *See Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir.2002).

We evaluate discrimination claims arising under Title VII and the ADEA by employing a three-step, burden-shifting framework: (1) the plaintiff must make a prima facie case of discrimination; (2) if the plaintiff succeeds, the burden of production, but not persuasion, shifts to the defendant to offer a "legitimate, nondiscriminatory reason" for the action taken against the plaintiff; (3) if the defendant successfully shifts the burden back to the plaintiff, then the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citations omitted).

Because we hold that Weidenfeld failed to satisfy her burden by showing there was a genuine issue of material fact as to whether the reasons offered by EMSA Correctional Care, Inc. (EMSA) were pretextual, we assume without deciding that Weidenfeld satisfied her initial burden by establishing a prima facie case of discrimination.[2]

 EMSA satisfied its burden by providing a nondiscriminatory reason for

---

** Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Though Weidenfeld filed her Notice of Appeal prior to the dismissal of defendants MedPartners, Inc. and Virginia Wilham, "[w]e take 'a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purpose of the final judgment rule.'" *Cato v. Fresno City*, 220 F.3d 1073, 1074–75 (9th Cir.2000) (per curiam) (quoting *Dannenberg v. Software Toolworks Inc.*, 16

F.3d 1073, 1075 (9th Cir.1994)). Because Wilham was later dismissed and Weidenfeld subsequently cured the defect in the Notice by disposing of her case against MedPartners, we have jurisdiction.

2. Because we find that Weidenfeld failed to meet her burden of providing evidence of pretext, we need not determine whether Washoe County could in this case be found liable under Title VII for "interfer[ing] with an individual's employment opportunities with another employer." *Ass'n of Mexican–Am. Educators v. California*, 231 F.3d 572, 580 (9th Cir.2000) (en banc) (quoting *Gomez v. Alexian Bros. Hosp.*, 698 F.2d 1019, 1021 (9th Cir.1983)).

Weidenfeld's termination. EMSA judged Weidenfeld's care for inmate Cheryl Hall to be inappropriate and fired her for failing to contact a physician following Hall's miscarriage and for failing to record Hall's vital signs. Weidenfeld believed that, given her experience, she was qualified to treat inmate Hall on her own, but her actions were contrary to those dictated by the treating physician and EMSA's policies. The record supports the conclusion that EMSA fired Weidenfeld for cause.

Summary judgment is appropriate in cases where the "record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves,* 530 U.S. at 148, 120 S.Ct. 2097. When the only evidence challenging the veracity of the employer's proffered motives is circumstantial, the plaintiff must produce "specific, substantial evidence of pretext" to create a triable issue. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1221–22 (9th Cir.1998).

Weidenfeld failed to provide any evidence that EMSA's reasons for her termination were pretextual. Therefore, the district court properly awarded summary judgment to the defendants on the Title VII and ADEA claims.

Summary judgment was also properly awarded on the constitutional claims. Procedural due process requirements apply only when a party is deprived of liberty or property interests protected by the Fourteenth Amendment. *See Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. [She] must have more than a unilateral expectation of it." *Hyland v. Wonder,* 972 F.2d 1129, 1140 (9th Cir.1992) (quoting *Roth,* 408 U.S. at 577, 92 S.Ct. 2701). If in the context of employment termination the employer publicizes a charge that "impairs a reputation for honesty or morality," then a liberty interest will be implicated and the employee must be allowed to "refute the stigmatizing charge." *Mustafa v. Clark County Sch. Dist.,* 157 F.3d 1169, 1179 (9th Cir.1998) (internal citation omitted).

■ Weidenfeld did not have a protected property interest in keeping her position as a nurse. She was an at-will employee who signed an agreement that indicated she was being evaluated during a 90–day introductory period. At most, she had a unilateral expectation for continued employment. This is not actionable. *See Bigelow v. Bullard,* 111 Nev. 1178, 901 P.2d 630, 631 (1995) (under Nevada law, at-will employees can be fired "at any time and for any reason or for no reason at all").

■ Nor did Weidenfeld suffer infringement of a protected liberty interest. "One's liberty interest is implicated only when the state makes a charge against [her] that might seriously damage [her] standing and associations in [her] community." *Vanelli v. Reynolds Sch. Dist. No.7,* 667 F.2d 773, 777 n. 5 (9th Cir.1982) (quoting *Stretten v. Wadsworth Veterans Hosp.,* 537 F.2d 361, 365 (9th Cir.1976)) (internal citations omitted). The charge must so severely damage the individual's reputation as to deprive her of other employment opportunities. *See Hyland,* 972 F.2d at 1141.

The press release did not identify Weidenfeld but rather reported the actions of an unnamed nurse. Moreover, it did not impinge upon Weidenfeld's reputation for honesty or morality, but rather critiqued

her job performance, as did the report to the Nevada State Board of Nursing.

We also reject Weidenfeld's substantive due process claim. The government "shocks the conscience" in only the most extreme circumstances. *See, e.g., Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952). Nothing even remotely resembling that took place here.

We therefore affirm the district court's award of summary judgment and deny both parties' motions for attorneys fees.

AFFIRMED.