INTERSTATE FIRE & CASUALTY COMPANY, an Illinois Corporation, Plaintiff–counter–defendant—Appellant,

v.

PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation, Defendant–cross–defendant—Appellee,

v.

Republic Western Insurance Company, an Arizona corporation, Plaintiff–intervenor.

Interstate Fire & Casualty Company, an Illinois Corporation, Plaintiff–counter–defendant—Appellant,

v.

Pacific Employers Insurance Company, a Pennsylvania corporation, Defendant.

Nos. 07–56538, 08–55402.

United States Court of Appeals, Ninth Circuit.

Submitted July 6, 2009.*

Filed July 13, 2009.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Before: FERNANDEZ and N.R. SMITH, Circuit Judges, and MILLS,** District Judge.

### MEMORANDUM***

Interstate Fire & Casualty Co. ("Interstate") appeals from the district court's judgment in favor of Pacific Employers Insurance Co. ("Pacific") in which the district court held that Pacific was not required to contribute to the payment of claims arising out of an accident. We affirm.

Based on the notices of appeal filed by Pacific, we have jurisdiction. *See* 28 U.S.C. § 1291; *see also* Fed. R.App. P. 4(a); *Cato v. Fresno City*, 220 F.3d 1073, 1074–75 (9th Cir.2000) (per curiam);

*Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680–81 (9th Cir.1980).

For the reasons stated by the district court in its excellent "Order (1) Granting Defendant Pacific Employers Insurance Company's Motion for Summary Judgment and (2) Denying Plaintiff Interstate Fire and Casualty Company's Cross–Motion for Summary Judgment" filed August 28, 2007, we hold that the bus in question was leased to Interstate's insured without operators in the course of Pacific's insured's business[1] and that the provisions of Cal. Ins.Code § 11580.9(b) apply here.

AFFIRMED.

---

R.App. P. 34(a)(2).

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. As the district court pointed out, at and before the time of the accident the language was somewhat different, which caused an ambiguity. *See Sentry Select Ins. Co. v. Fid. & Guar. Ins. Co.*, 46 Cal.4th 204, 206–07, 205 P.3d 1084, 1085, 92 Cal.Rptr.3d 639, 640–41 (2009). However, the legislature later eliminated that ambiguity. *See id.*