**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT MITCHELL,

Plaintiff - Appellant,

v.

CHRIS GLENN; et al.,

Defendants - Appellees.

No. 09-35877

D.C. No. 2:08-cv-00980-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted January 10, 2011[**]

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Washington state prisoner Robert Mitchell appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging numerous

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. *See Cato*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Fresno City*, 220 F.3d 1073, 1074-75 (9th Cir. 2000) (per curiam). We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants because Mitchell failed to present evidence creating a genuine issue of material fact as to any of his claims. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.")*; see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) (prisoner must show that he or she suffered actual injury in order to establish a violation of the right of access to the courts); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to violate the Eighth Amendment "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities") (internal quotation marks and citation omitted); *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (core judicial inquiry in excessive force claim is whether force was malicious and sadistic or a good-faith disciplinary effort); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (section 1983 plaintiff must link each named defendant with some unconstitutional act or omission).

Mitchell's remaining contentions are unpersuasive.

09-35877

Mitchell's motions to appoint counsel and to join a district court case are denied.

**AFFIRMED.**