RIPPLE, Circuit Judge,
dissenting:
The court holds that (1) the notice of appeal was not filed within 30 days of an appealable order; (2) the sanction order is not appealable under the collateral order doctrine; and (3) it is not appropriate for the court to issue a writ of mandamus. I believe that the district court’s remand of the case to state court made previous non-final orders, including the sanctions order, appealable and, therefore, I respectfully dissent from the court’s determination that we lack jurisdiction to hear this appeal.
A sanctions order is ordinarily a non-final, interlocutory order and is not immediately appealable. Cato v. Fresno City, 220 F.3d 1073, 1074 (9th Cir.2000). However, “[w]e take ‘a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule.’ ” Id. at 1074-75 (quoting Dannenberg v. Software Toolworks, Inc., 16 F.3d 1073, 1075 (9th Cir.1994)). Here, implementation of that “pragmatic approach” is governed by two of our recent precedents, Harmston v. City & County of San Francisco, 627 F.3d 1273 (9th Cir.2010), and California Department of Water Resources v. Powerex Corp., 533 F.3d 1087 (9th Cir.2008). After these two cases, it is clear that the district court’s decision to remand the present case to state court after the filing of an amended complaint that contained no federal claim was a final judgment. Powerex Corp., 533 F.3d at 1091, 1096. At that point, “‘the district court disassociate^] itself from the case entirely, retaining nothing of the matter on the federal court’s docket.’ ” Id. at 1096 (alteration in original) (quoting Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1166 (9th Cir.1998) (per curiam)); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). At that time, there was no longer any “ ‘danger of piecemeal appeal’ ” because “ ‘nothing else remain[ed] in the federal courts.’ ” Harmston, 627 F.3d at 1279 (quoting Anderson v. Allstate Ins. Co., 630 F.2d 677, 681 (9th Cir.1980)); see also Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009) (noting that among the virtues of the “final judgment rule” is the avoidance of “piecemeal, prejudgment appeals”).
In Harmston, we further stated “that remand orders are ‘final’ for purposes of sweeping in prior non-final orders” and held that a remand order is “‘final’ for purposes of allowing [a party] to appeal the sanctions order against him.” 627 F.3d at 1278, 1279. There, the district court ordered sanctions against one of the plaintiffs and his counsel. We dismissed that plaintiff’s immediate appeal because the sanctions order was not an immediate *742 ly appealable order. The district court later remanded the case to state court. Id. at 1275-76. Approximately nine months after the remand order, the state court entered summary judgment on most of the plaintiffs claims, and the plaintiff filed a notice of appeal to this court attempting to appeal the sanctions order issued by the district court. Id. at 1276. We concluded that the district court’s order remanding the case to state court “was ‘final’ for purposes of allowing [the plaintiff] to appeal the sanctions order against him.” Id. at 1279. Having determined that the time to appeal began to run when the district court remanded the case, we dismissed the appeal because the notice of appeal was untimely under Federal Rule of Appellate Procedure 4. Id. at 1281.
In the present case, the district court informed the parties that it did not believe that it had jurisdiction and ordered Hol-sum to file a motion to show cause by a certain date if it disagreed with this conclusion. Holsum did not respond. Mr. Richards filed a notice of appeal two months later. His pleadings suggest that he assumed that the imminent remand made his case appealable and that he was required to appeal before remand was entered because remand would deprive him of the opportunity to appeal the sanctions order. Thirty-two days after he filed his notice of appeal, the district court remanded the case to state court.[1] Since Harm-ston makes clear that an order remanding the case after disposal of all federal claims and declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367 is a final, appealable order, the issue, then, is whether Mr. Richards’ premature notice of appeal springs forward to the date of the remand order and is timely under Rule 4(a)(2). I now turn to that question.
Rule 4(a)(1) requires a party to file a notice of appeal “within 30 days after entry of the judgment or order appealed from.” Rule 4(a)(2) provides that “[a] notice of appeal filed after the court announces a decision or order-but before the entry of the judgment or order-is treated as filed on the date of and after the entry.” See also FirsTier Mortg. Co. v. Investors Mortg. Ins. Co., 498 U.S. 269, 270, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991) (holding that notice was timely when filed after the district court announced its intention from the bench but before entry of judgment); Cato, 220 F.3d at 1074-75 (involving a notice of appeal filed within thirty days of the sanctions order, but an unspecified number of days before final judgment; the court held that the defect in the immediate notice of appeal was cured by the later entry of final judgment). At least one circuit has held that an appealable decision is sufficiently announced for purposes of Rule 4(a)(2) when the district court gives the party an opportunity to respond and dictates the consequences of failure to respond. Roe v. Elyea, 631 F.3d 843, 855 *743 (7th Cir.2011). In that case, the court held that it was reasonable for a party to believe that the order disposed of its claims. Id.
In contrast, a premature notice of appeal does not spring forward to the date on which judgment technically became final if, at the time the notice was filed, more remained in the case than a ministerial act of entering judgment. See Kennedy v. Applause, Inc., 90 F.3d 1477, 1483 (9th Cir.1996) (holding that Rule 4(a)(2) did not apply because the amount of fees and costs had yet to be determined and the district court had requested briefing on the matter); Kendall v. Homestead Dev. Co. (In re Jack Raley Constr., Inc.), 17 F.3d 291, 294 (9th Cir.1994) (holding that Rule 4(a)(2) did not apply when the notice of appeal was filed several months before the matter of prejudgment interest was decided); Serine v. Peterson, 989 F.2d 371, 372-73 (9th Cir.1993) (holding that Rule 4(a)(2) did not apply to a notice of appeal filed after a magistrate’s recommendation because a recommendation requires intervention by the district court).
- In the present case, the district court did not say definitively that it would remand, but its order offered Holsum a choice between remand and objecting to remand:
[I]t appears to the Court that it may not have jurisdiction to hear the remaining claims in this case, in light of the previous orders entered in this matter....
If ... Defendants wish to assert that this Court retains jurisdiction over the Plaintiffs remaining claims, it will file a motion ... setting forth any argument as to why this Court retains jurisdiction not later than June 8, 2011.
R.98 at 1-2 (emphasis in original). Hol-sum did not file a motion asserting that the district court had jurisdiction; the district court’s only action after announcing its intention to remand was to formally remand the case. After the district court’s announcement and Holsum’s failure to file a response, it was reasonable for Mr. Richards to conclude that “[a]ll that remained was the clerk’s ministerial task of entering” an order of remand. Kendall, 17 F.3d at 294 (alteration in original) (internal quotation marks omitted). Thus, his notice of appeal, filed after the district court’s announcement and thirty-two days before the formal order of remand, should be considered timely under Rule 4(a)(2).
I therefore take the view that the district court entered a final judgment in this case and that we ought to proceed to the merits. However, since my colleagues have determined that we do not have jurisdiction and therefore have not addressed the merits, I shall refrain from expressing my view as well. The views of a single judge of the panel are of no consequence under these circumstances.

. When Holsum failed to respond to the district court’s order to show cause, Mr. Richards filed a motion requesting an order stating that the sanctions order was reviewable. He withdrew his motion when he filed his notice of appeal, stating his belief that a separate order was unnecessary because the imminent remand made the case appealable. R.105 at 1, 4. The district court’s remand order noted the withdrawn motion and dismissed it as moot without discussion. Our cases holding that Federal Rule of Appellate Procedure 4(a)(2) did not apply involved more than a ministerial act of summarily dismissing a withdrawn, moot motion.
There is no indication that the discovery notices filed after the notice of appeal were matters on which the parties expected the court to take action. It is not surprising that litigants, wanting to maintain the momentum of their case, would comply with the rules of the court that still technically retained jurisdiction even though it had indicated its belief that it had no jurisdiction.