**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DARLENE TOMEL, | No. 12-16866 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00047-LEK-BMK |
| v. | |
| STATE OF HAWAII; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Plaintiff appeals the dismissal of her second amended complaint under the

screening provisions of 28 U.S.C. § 1915A. We have jurisdiction over her appeal,

and we reverse in part and remand to the district court for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff originally filed a notice of appeal from the district court's dismissal with leave to amend—a nonfinal decision that ordinarily would not provide a basis for appellate jurisdiction. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). But the district court's subsequent issuance of a final judgment cured the jurisdictional defect. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007) (deeming a premature appeal from a dismissal with leave to amend to have been taken from the final judgment, where the district court entered judgment after the plaintiff declined to amend). Our exercise of jurisdiction here is in keeping with our circuit's "pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule." *Cato v. Fresno City*, 220 F.3d 1073, 1074–75 (9th Cir. 2000) (per curiam) (citation omitted).

On appeal, plaintiff contests the dismissal of five claims. Four of those claims were pled in the second amended complaint: (1) an Eighth Amendment claim against Women's Community Correctional Center ("WCCC") staff for denial of adequate medical care; (2) a Fourteenth Amendment equal-protection claim against Dr. Glen Morrison for discrimination against plaintiff because she is a veteran; (3) a First Amendment retaliation claim against Officer Taka; and (4) a First Amendment free-exercise claim against prison officers. A fifth claim—an

2

Eighth Amendment claim against Dr. Morrison for denial of adequate medical care—appeared in the first amended complaint, but plaintiff omitted it from the second amended complaint after the district court held that it had been properly pled in the first amended complaint. We reverse the district court's dismissal of the retaliation claim and the free-exercise claim. In addition, on remand, the district court should permit plaintiff to replead her Eighth Amendment claim against Dr. Morrison for denial of adequate medical care.

The district court erred in dismissing plaintiff's retaliation claim against Officer Taka. Plaintiff alleged:

> . . . ACO Taka has retaliated against me, after failure to protect me against Inmate Lisa Kirsch who has pending charges for Terrorist Threat to do bodily harm to me and statement filed with Sheriff Department, Grievances filed, PSD, ACLU, Civil Rights Commission, OMBUDSMAN and Governor all notified.
> She refuses to provide my medication and is verbally abusive when she talks to me, taking me off sick call lists.

We described the five elements of a retaliation claim in the prison context in *Watison v. Carter*, 668 F.3d 1108 (9th Cir. 2012), also a pro se § 1983 case: first, that the retaliated-against conduct is protected; second, that defendant took an adverse action against the plaintiff; third, that there was a causal connection between the adverse action and the protected conduct; fourth, that the official's acts would have a chilling effect on "a person of ordinary firmness"; and fifth, that

3

the retaliatory action did not advance legitimate goals of the correctional institution. *Id.* at 1114–15.

Plaintiff has adequately pled a retaliation claim under *Watison*. She alleges that she filed a grievance against Officer Taka. Filing a grievance is protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). She has also alleged adverse action by stating that Officer Taka refused to provide medication, was verbally abusive, and had taken her off sick call lists. Though plaintiff does not explicitly allege a causal connection between the grievance and the adverse action, "a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison*, 668 F.3d at 1114. Plaintiff has alleged a chronological sequence that permits the inference that Officer Taka's actions were in retaliation against plaintiff's filing of the grievance. Similarly, a plaintiff may satisfy the fourth element, a showing of a chilling effect, by "alleg[ing] that [she] suffered some other harm that is more than minimal." *Id.* (citation omitted). Withholding medication and taking plaintiff off sick call lists is more than minimal harm. As for the fifth requirement—that plaintiff plead that the retaliatory action did not serve legitimate penological goals—plaintiff has not made specific allegations to that effect. Nonetheless, she has "implicitly pleaded" this element by

4

alleging conduct by prison officials that can have served no penological interest. *See id.* at 1114–15, 1116.

Plaintiff alleged in her Second Amended Complaint that unknown officials at WCCC violated her "Rights to Worship and go to Church and Programs (ex. Christmas)." The district court did not explicitly address this claim. It stated only that claims against WCCC remained dismissed, because, as the court previously explained in its dismissal of the first amended complaint, a "prison or correctional facility is not a person within the meaning of § 1983."

The district court erred in dismissing plaintiff's free-exercise claim on this ground. Courts must construe pro se pleadings liberally in favor of the plaintiff. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Plaintiff's second amended complaint can be generously but reasonably understood as referring to unnamed officials at WCCC. In addition, reading the complaint liberally, plaintiff has alleged the requisite elements of a free-exercise claim: first, that the defendants burdened a sincerely held belief, and second, that the burden is not supported by a justification reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

Finally, on remand, the district court should allow plaintiff to replead her denial-of-medical care claim against Dr. Morrison, which she asserted in her first

5

amended complaint but omitted from the second amended complaint. In the first amended complaint, plaintiff alleged that she had "three slip and falls with injuries" and that Dr. Morrison had refused to send her for x-rays or refer her to outside doctors. The district court found that plaintiff had stated a claim for relief against Dr. Morrison that "may proceed." Although it was formerly the law in this circuit that "a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint," we recently recognized the harsh consequences of that rule and specifically overruled it. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925–28 (9th Cir. 2012) (en banc), *overruling Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997).

In sum, we reverse the dismissal at the screening stage of plaintiff's retaliation claim and remand for the district court to allow the complaint to be served with respect to (1) plaintiff's retaliation claim against Officer Taka; (2) plaintiff's free-exercise claim against unknown officials at WCCC; and (3) plaintiff's Eighth Amendment claim against Dr. Morrison.

**REVERSED in part and REMANDED.**