**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ARTHUR ROSS, | No. 13-35597 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01530-HU |
| v. | MEMORANDUM[*] |
| FRANK R. HORTON; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 23, 2015[**]

Before:    CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

The district court had jurisdiction to correct a clerical error in its judgment.

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654–55 (9th Cir. 1991).  The

district court's order was intended to be final, but was entered "without prejudice"

in error.  Even though Ross's notice of appeal was premature as to the final

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment, the notice was validated when the district court amended its order dismissing Ross's claims with prejudice. *See Cato v. Fresno City*, 220 F.3d 1073, 1074–75 (9th Cir. 2000).

Claim one, deliberate indifference, was correctly dismissed. "We may affirm the decision of the district court on any basis which the record supports." *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) (affirming dismissal of the complaint because the district court lacked subject matter jurisdiction). On the merits, Ross did not allege that Dr. Gullick was deliberately indifferent to his pain; he alleged that Dr. Gullick incorrectly concluded that he was not in pain. Even if Ross had shown that Dr. Gullick misdiagnosed his condition, that does not establish deliberate indifference. *See Snow v. McDaniel*, 681 F.3d 978, 987–88 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As to three of the five defendants, claim two, retaliation, was properly dismissed. Ross has not presented any evidence to support his claims that Dr. Gullick, Smith, or Gillum ordered him to be moved out of privileged housing. As to defendants Horton and Bennett, claim two was improperly dismissed. Ross presented evidence to support his allegations that: (1) Bennett stated the problem was that Ross was a complainer; (2) Ross reported actual threats to Horton and

2

Bennett and asked for help; (3) rather than respond to the threats, Horton and Bennett ordered Ross to cell in with the inmate who threatened him. If proven, these allegations would support a colorable retaliation claim.

Claim three, failure to protect, was correctly dismissed. Ross did not allege that he suffered a cognizable injury as a result of the order that he "cell in" with an alleged gang member.

To the extent Ross alleged a claim for equal protection, it was correctly dismissed because Ross did not allege that other similarly situated inmates were provided medical care that he was denied.

It is unclear whether Ross intended to appeal the dismissal of his due process claim. If he did, it was properly dismissed. Ross did not allege that his confinement represented an atypical, significant deprivation from that in the general prison population. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).

The district court did not abuse its discretion when it denied Ross's motion to compel. Production of the requested blueprints posed a legitimate security threat to the prison, and defendants provided an adequate response to Ross's need for information about the prison's HVAC system.

Construed as a motion to strike, Ross's request that we reject appellees' answering brief is denied. Ross was not prejudiced by the one-day delay in filing

the brief.

**Affirmed in part, Reversed in part, and Remanded, with the parties to bear their own costs.**

*Ross v. Horton*, 13-35597

N.R. Smith, Circuit Judge, concurring in part and dissenting in part:

The majority almost got it right, but it bent over backwards too far in trying to preserve Ross's retaliation claim against Horton and Bennett. I would affirm the district court's dismissal in all regards.

Ross alleges that (1) the defendants removed him from his privileged housing (2) because (3) Ross filed grievances against medical staff, and that such action (4) caused Ross to be moved out of Complex 1 and placed in a threatening situation, which ultimately resulted in him being placed in disciplinary segregation and losing privileges, and (5) for no reason other than to retaliate. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004). The defendants produced affidavits and evidence to show that Horton and Bennett were unaware of Ross's grievances against medical. The defendants also produced evidence that Horton understood Ross was "removed from honor housing due to several complaints regarding the HVAC system and that it was affecting his sinuses." Ross has presented nothing to contradict this evidence.

Ross claims only that (1) when he went to visit Horton in Complex 3, Horton was "already aware" Ross had been transferred, and (2) Bennett told Ross he had been moved for complaining. Even if true, these allegations show only that

-1-

Horton and Bennett knew Ross had been transferred out of Complex 1 into Complex 3 and that Horton and Bennett understood Ross had been moved for complaining about the HVAC system. Ross has presented no evidence to support his retaliation claim that Horton and Bennett transferred him out of Complex 1 because he filed grievances against the medical staff.

The majority disregards Ross's retaliation claim about the transfer and instead construes Ross's claim 3 (failure to protect) as a retaliation claim. It then determines that—because Ross claims (1) Bennett called him a complainer, (2) Ross reported perceived threats to Horton and Bennett, and (3) Horton and Bennett ordered Ross to cell-in despite the threats—Ross has presented a "colorable retaliation claim." However, Ross *never asserts* that Horton and Bennett retaliated against him by ordering him to cell-in with an inmate who allegedly threatened him. Even if Ross had made those assertions, the claim would have been properly dismissed, because Ross presented no evidence to suggest Horton or Bennett knew about Ross's complaints against the medical staff. Although we must interpret pro se complaints liberally, we may not manufacture claims never alleged by Ross and support them with hypotheses rather than evidence.