MEMORANDUM **
The district court had jurisdiction to correct a clerical error in its judgment. Morris v. Morgan Stanley & Co., 942 F.2d 648, 654-55 (9th Cir.1991). The district court’s order- was intended to be final, but was entered “without prejudice” in error. Even though Ross’s notice of appeal was premature as to the final judgment, the notice was validated when the district court amended its order dismissing Ross’s claims with prejudice. See Cato v. Fresno City, 220 F.3d 1073, 1074-75 (9th Cir.2000).
Claim one, deliberate indifference, was correctly dismissed. “We may affirm the decision of the district court on any basis which the record supports.” Branson v. Nott, 62 F.3d 287, 291 (9th Cir.1995) (affirming dismissal of the complaint because the district court lacked subject matter jurisdiction). On the merits, Ross did not allege that Dr. Gullick was deliberately indifferent to his pain; he alleged that Dr. Gullick incorrectly concluded that he was not in pain. Even if Ross had shown that Dr. Gullick misdiagnosed his condition, that does not establish deliberate indifference. See Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir.2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir.2014) (en banc).
As to three of the five defendants, claim two, retaliation, was properly dismissed. Ross has not presented any evidence to support his claims that Dr. Gullick, Smith, or Gillum ordered him to be moved out of privileged housing. As to defendants Horton and Bennett, claim two was improperly dismissed. Ross presented evidence to support his allegations that: (1) Bennett stated the problem was that Ross was a complainer; (2) Ross reported actual threats to Horton and Bennett and asked for help; (3) rather than respond to the threats, Horton and Bennett ordered Ross to cell in with the inmate who threatened him. If proven, these allegations would support a colorable retaliation claim.
Claim three, failure to protect, was correctly dismissed. Ross did not allege that he suffered a cognizable injury as a result of the order that he “cell in” with an alleged gang member.
*728 To the extent Ross alleged a claim for equal protection, it was correctly dismissed because Ross did not allege that other similarly situated inmates were provided medical care that he was denied.
It is unclear whether Ross intended to appeal the dismissal of his due process claim. If he did, it was properly dismissed. Ross did not allege that his confinement represented an atypical, significant deprivation from that in the general prison population. See Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
The district court did not abuse its discretion when it denied Ross’s motion to compel. Production of the requested blueprints posed a legitimate security threat to the prison, and defendants provided an adequate response to Ross’s need for information about the prison’s HVAC system.
Construed as a motion to strike, Ross’s request that we reject appellees’ answering brief is denied. Ross was not prejudiced by the one-day delay in filing the brief.
Affirmed in part, Reversed in part, and Remanded, with the parties to bear their own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.