**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE F. GONZALEZ, Individually and on behalf of other Persons similarly situated,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>NEFAB PACKAGING, INC., a New Hampshire Corporation; AP & CO., INC., DBA On-Call Staffing Services of Carson California,<br><br>    Defendants - Appellees. | No. 13-57116<br><br>D.C. No. 2:13-cv-04499-JAK-SS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted February 3, 2016**
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Enrique F. Gonzalez appeals the dismissal of his amended complaint in this putative class action against Nefab Packaging, Inc. ("Nefab") and On-Call Staffing Services ("On-Call"). We affirm.

1. The amended complaint asserted five claims against both Nefab and On-Call. The district court granted Nefab's Rule 12(b)(6) motion as to Gonzalez's claims under California Labor Code §§ 1197, 226, and 203. The court later dismissed the remaining two claims against Nefab without prejudice at Gonzalez's request. Neither order mentioned On-Call. Gonzalez appealed the dismissal of his Labor Code §§ 1197, 226, and 203 claims. Nefab argues that we lack appellate jurisdiction because two of the claims against it were dismissed without prejudice and no claims against On-Call were dismissed.

2. Nefab's argument would be well-founded but for subsequent events. Because we lacked appellate jurisdiction over Gonzalez's appeal when filed, we ordered a limited remand to allow the district court to enter final judgment on all claims as to all parties. The district court did so, and we therefore have jurisdiction under 28 U.S.C. § 1291. *See Cato v. Fresno City*, 220 F.3d 1073, 1074 (9th Cir. 2000) (per curiam) ("[W]e can assume jurisdiction based on a prematurely filed notice of appeal when 'subsequent events can validate the prematurely filed appeal.'" (alteration omitted) (quoting *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir. 1980))).

3. Gonzalez's primary claim is that the defendants violated Labor Code § 1197 by paying him less than the minimum wage. Specifically, he contends that Section 9(B) of California Industrial Welfare Commission Wage Order 1-2001 requires that he be paid twice the otherwise-applicable minimum wage because he was required to bring his own tools to work.

4. We reject the argument. Section 9(B) provides:

> When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft.

This provision plainly requires the employer to provide tools to certain employees, and exempts from that requirement those earning at least two times the minimum wage. It does not impose a new minimum wage as a remedy for the employer's failure to provide the tools. As the district court recognized, California law instead requires the employer to indemnify employees for "all necessary expenditures or losses incurred . . . ." Cal. Lab. Code § 2802(a).

5. Gonzalez's other two claims were also properly dismissed. The only basis for Gonzalez's allegation that his wage statements were inaccurate in violation of Labor Code § 226 is his claim to twice the minimum wage. Likewise, because he was not owed additional pay, he failed to state a Labor Code § 203 claim for non-payment of wages.

3

**AFFIRMED.**