

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAIKUNTHA KHANAL, Individually and On Behalf of All Others Similarly Situated, | No.  15-15493 |
| | D.C. No. 4:14-cv-01523-JSW |
| Plaintiff-Appellants, | |
| v. | MEMORANDUM* |
| SAN FRANCISCO HILTON, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted February 17, 2017
San Francisco, California

Before:  BERZON and CLIFTON, Circuit Judges, and MUELLER,** District Judge.

Plaintiff-Appellant food and beverage service employees ("Plaintiffs")

appeal the district court's order denying their motion to remand and granting

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kimberly J. Mueller, United States District Judge for the Eastern District of California, sitting by designation.

Defendant-Appellee San Francisco Hilton, Inc.'s ("Hilton's") motion to dismiss their First Amended Complaint.[1]   Because we conclude that Plaintiffs' California Labor Code § 351 claim is not preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), we reverse and remand to the district court for further proceedings.

We apply a two-part test to determine whether a state-law claim is preempted by § 301 of the LMRA.  First, we ask "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective-bargaining agreement ('CBA')]." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  Where the asserted right exists independently of the CBA, which the parties do not dispute is the case here, we then ask whether the right "is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)).  Whether a state-law claim "is substantially dependent on analysis of the CBA . . . turns on whether the claim can be resolved by looking to versus

---

[1]Plaintiffs immediately appealed the district court's order dismissing their complaint with leave to amend.  Although we ordinarily lack jurisdiction to review such orders, *see WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), the district court has since entered final judgment.  We now have jurisdiction under 28 U.S.C. § 1291.  *See Cato v. Fresno City*, 220 F.3d 1073, 1074–75 (9th Cir. 2000) (per curiam).

interpreting the CBA.  If the latter, the claim is preempted; if the former, it is not."

*Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (internal quotation marks, brackets, and citations omitted).

Plaintiffs first filed in state court a complaint that effectively sought to enforce provisions of the CBA entered into by Plaintiffs' union and their employer. The parties do not dispute that this original complaint was preempted and thus properly removed to federal court.  The present dispute concerns Plaintiffs' First Amended Complaint ("FAC"), which abandoned the claims included in the original complaint and alleged instead that Hilton violated a California statute addressing the distribution of gratuities, California Labor Code § 351.

1.  Because the CBA need not be interpreted to resolve Plaintiffs' California Labor Code § 351 claim, the claim is not preempted.  Plaintiffs' sole remaining claim is predicated on Hilton's alleged failure "to remit to service employees the total proceeds of gratuities collected from customers."  In other words, regardless of what the CBA provides regarding the distribution of gratuities and whether Hilton complied with its provisions, Plaintiffs claim they are entitled under state law to the full amount of any gratuities added to bills for food and beverage service.

3

Whether and to what extent Plaintiffs are entitled to the charges they identify is a question of state law, the merits of which we do not reach. It is clear, however, that its resolution does not depend on interpretation of the CBA. Billing and payroll records likely would be sufficient to ascertain Hilton's policies. A court also might "look[] to" the provisions of the CBA to determine how Hilton handles gratuities and service charges. *See Kobold*, 832 F.3d at 1033. But merely referring to uncontested provisions of the CBA does not result in LMRA preemption. *See id.*; *see also Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). Further, Hilton may invoke the CBA in its defense, but doing so does not trigger LMRA preemption. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc) ("If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." (citation omitted)).

Resolution of Plaintiffs' state-law claim does not depend on whether Hilton properly classified certain events as "banquets" or "buffets" under the CBA. Rather, the FAC requires a court to determine only whether the charges associated with the events at issue are gratuities under California law and, if so, whether Hilton handled them lawfully.

Because resolution of Plaintiffs' California Labor Code § 351 claim does not require interpretation of the CBA, the district court erred in concluding it was preempted by § 301 of the LMRA. It likewise erred in concluding that Plaintiffs were required to exhaust the grievance procedures included in the CBA or else allege that the union breached its duty of fair representation, as the grievance procedures in the CBA apply only to disputes "regarding the interpretation and/or application of the specific terms of [the] Agreement and/or disciplinary action."

2. As the district court concluded that the FAC was preempted and so arose under federal law, it had no occasion to address supplemental jurisdiction. We remand so that the district court can decide in the first instance whether to exercise supplemental jurisdiction over Plaintiffs' California Labor Code § 351 claim.

**REVERSED and REMANDED.**