**Albert Smith BIGELOW, William Huntington, George Willoughby and Orion Sherwood, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 16018.**

United States Court of Appeals Ninth Circuit.

May 28, 1959.

A. L. Wirin, Los Angeles, Cal., Fong, Miho, Choy & Robinson, Honolulu, Hawaii, for appellants.

J. Walter Yeagley, Acting Asst. Atty. Gen., Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

This is an appeal after conviction and sentence of the United States District Court for the District of Hawaii for criminal contempts of court. 28 U.S.C. §§ 1291, 1294(1). The criminal contempt convictions resulted from disobedience of an injunction prohibiting the defendants from sailing their vessel, the Golden Rule, from Honolulu harbor, or otherwise moving it, without the permission of the district court. The purpose of the injunction was to prevent appellants from interfering with the "Hardtack series" of nuclear tests in the Pacific. The fact that appellants disobeyed the injunction is not disputed. Appellants seek to raise the issue of the constitutionality of a section of the Atomic Energy Act, as well as certain regulations issued by the Atomic Energy Commission pursuant thereto.

We do not reach such issues. As was so colorfully stated by Mr. Justice Frankfurter in his concurring opinion in the Mine Workers case,[1]

"No one, no matter * * * how righteous his private motive can be judge in his own case. That is what courts are for. And no type of controversy is more peculiarly fit for judicial determination than a controversy that calls into question the power of a court to decide. * * *

* * * * * *

" * * * It would be naive or wilful to assert that the * * * situation * * * presented by this bill raised a question so frivolous that any judge should have summarily thrown the Government out of court without day. Only when a court is so obviously traveling outside its orbit as to be merely usurping judicial forms and facilities, may an order issued by a court be disobeyed and treated as though it were a letter to a newspaper. * * Whether a defendant may be brought to the bar of justice is not for the defendant himself to decide."

And in the words of Mr. Chief Justice Vinson, in the same case:[2] "The defendants, in making their private determination of the law, acted at their peril. Their disobedience is punishable as criminal contempt."

We think this reasoning applicable here. The injunction is not "blatantly void" nor a nullity. A court has jurisdiction to determine its own jurisdiction. Sunshine Anthracite Coal Co. v Adkins, 1940, 310 U.S. 381, 403, 60 S.Ct. 907, 84 L.Ed. 1263; Treines v. Sunshine Mining Co., 1939, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. Here the defendants below sought not to appeal from the injunction they thought improper, but to disobey it.

The judgment is affirmed. United States v. United Mine Workers, supra;

United States v. Shipp, 1906, 203 U.S. 563, 27 S.Ct. 165, 51 L.Ed. 319; Carter v. United States, 5 Cir, 1943, 135 F.2d 858.

1. United States v. United Mine Workers, 1947, 330 U.S. 258, 308–310, 67 S.Ct. 677, 703, 91 L.Ed. 884.

2. 330 U.S. 258, 293, 67 S.Ct. 677 695, 91 L.Ed. 884.