**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ALESSI & KOENIG, LLC,<br><div align="right">Debtor.</div> | BAP No. NV-21-1093-GTB<br><br>Bk. No. 2:16-bk-16593-ABL |
| SALMA AGHA-KHAN, M.D.,<br><div align="right">Appellant,</div><br>v.<br>UNITED STATES OF AMERICA; GLORIA<br>M. NAVARRO, Chief Judge of Nevada<br>District Court; CARL W. HOFFMAN,<br>Magistrate Judge Nevada District Court;<br>RICHARD F. BOULWARE, Nevada<br>District Court Judge; PEGGY A. LEEN,<br>Magistrate Judge of Nevada District<br>Court; EDWARD LEAVY, Ninth Circuit<br>Judge; CONSUELO M. CALLAHAN,<br>Ninth Circuit Judge; CARLOS T. BEA,<br>Ninth Circuit Judge; ALESSI TRUSTEE<br>CORPORATION; ALESSI & KOENIG,<br>LLC; RYAN KOENIG; ROBERT M.<br>ALESSI; RYAN KERBOW; NAOMI<br>EDEN; AILEEN RUIZ; TERRA WEST<br>PROPERTY MANAGEMENT (HOA1);<br>TERRA WEST COLLECTIONS (HOA2); | Adv. No. 2:19-ap-01074-GS<br><br>**MEMORANDUM**<sup>*</sup> |

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

SAN SEVINO WEST AT SHD (HOA3); SAN SEVINO HOME OWNER'S ASSOCIATION (HOA4); SAN SEVINO WEST AT SOUTHERN HIGHLANDS HOME OWNERS ASSOCIATION (HOA5); SOUTHERN HIGHLANDS HOME OWNERS ASSOCIATION (HOA7); SOUTHERN HIGHLANDS MASTER (HOA8); SOUTHERN HIGHLANDS MASTERS HOA (HOA9); ASSESSMENT MANAGEMENT SERVICES (HOA10); HONG X. LAM, Esquire; SHARON TAYLOR; MICHELLE PETERSEN; ARCH G. NEBRON; ASSESSMENT MANAGEMENT SERVICES; HEIDI HAGEN; MONIQUE D. WASHINGTON; JENNIFER A. EZELL; JENNIFER L. JONES; DAVID ALESSI; GERRARD & COX (LEGAL WINGS), AKA Gerrard Cox & Larsen; SHELDON HERBERT, Esquire; DOUGLAS D. GERRARD, Esquire; ESTHER MEDELLIN, Esquire; CHET J. COX; KRISTINA C. COX; AKERMAN SENTERFITT, LLP; NATALIE L WINSLOW, Esquire; SFR INVESTMENTS POOL1 LLC; SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION (HOA6),
　　　　　　Appellees.

Appeal from the United States Bankruptcy Court
for the District of Nevada
Gary A. Spraker, Bankruptcy Judge, Presiding

Before: GAN, TAYLOR, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Dr. Salma Agha-Khan appeals the bankruptcy court's order dismissing with prejudice her adversary complaint against approximately forty defendants, including the United States, several federal judges, and chapter 7[1] debtor, Alessi & Koenig, LLC ("Debtor"). Dr. Agha-Khan alleged obstruction of justice, fraud, conspiracy, and various criminal and constitutional violations, relating to two Nevada foreclosures and two federal actions she filed in the United States District Court for the District of Nevada ("District Court"). She also appeals the denial of her motions to disqualify Judge Spraker for alleged bias.

Dr. Agha-Khan offers no plausible argument why the bankruptcy court erred by dismissing the complaint or denying her motions to disqualify, and we perceive no error. Accordingly, we AFFIRM.

## FACTS[2]

### A. Dr. Agha-Khan's Prior Cases And The Adversary Complaint

Dr. Agha-Khan was the owner of two real properties located in Las Vegas, Nevada. She claims that Debtor and other defendants forged

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

documents and fraudulently foreclosed on her properties in 2012. In 2016 and 2017, Dr. Agha-Khan filed in District Court two cases for foreclosure fraud, naming dozens of defendants, including Debtor. *See Agha-Khan v. Bank of N.Y. Mellon*, No 2:16-cv-02651-RFB-PAL; *Agha-Khan v. Mortg. Elec. Registration Sys., Inc.*, No. 2:17-cv-02739-GMN-DJA. In both cases, the District Court entered judgment against Dr. Agha-Khan after finding that she was judicially estopped from pursuing the claims because she failed to disclose them in her bankruptcy case filed in the Eastern District of California. The Ninth Circuit summarily affirmed one of the decisions and remanded the other for limited proceedings.

In 2019, Dr. Agha-Khan filed the present adversary complaint in Debtor's chapter 7 bankruptcy case. She again alleged claims related to the foreclosures and added new claims against judges that ruled against her in the prior actions and appeals.

## B.  The Motions To Dismiss And The Court's Ruling

Defendants Southern Highlands Community Association ("SHCA"), David Alessi, and SFR Investments Pool 1, LLC ("SFR") each filed motions to dismiss under Civil Rule 12(b)(6), made applicable by Rule 7012(b), which were joined by defendants Ackerman, LLP and Natalie L. Winslow. After the bankruptcy court granted the United States' application to appear as amicus curiae on behalf of the judicial defendants, it filed a motion to dismiss on behalf of itself and the federal judges (collectively the "Federal Defendants").

4

While the motions were pending, Dr. Agha-Khan filed a motion to disqualify Judge Spraker under 28 U.S.C. §§ 144 and 455. The bankruptcy court denied the motion, holding that 28 U.S.C. § 144 did not apply to bankruptcy judges and determining that the allegations of bias did not require recusal under 28 U.S.C. § 455.

After hearings and further briefing, the court considered all pending motions to dismiss and joinders together and entered a consolidated memorandum decision. The bankruptcy court first engaged in a claim-by-claim analysis to determine whether it had jurisdiction. It decided that it had subject matter jurisdiction over claims against Debtor, because they were essentially late filed claims against the estate, but it lacked jurisdiction over all claims against nondebtors because judgment on those claims would not affect Debtor or the estate and therefore the claims were not "related to" the bankruptcy case.

The court also determined that the claims related to the loans and foreclosures were barred by judicial estoppel and claim preclusion. As for the claims arising from the District Court actions and appeals, the bankruptcy court determined that the Federal Defendants were immune from suit under the doctrines of judicial and sovereign immunity and Dr. Agha-Khan failed to allege facts to support liability on those claims against the remaining defendants. The bankruptcy court also concluded that Dr. Agha-Khan could not show proper service of the summons and complaint and dismissal was also warranted under Rule 7012(b)(5).

The bankruptcy court issued an order granting the motions to dismiss without leave to amend because the jurisdictional defects could not be remedied by amendment. And, because only some of the named defendants filed or joined the motions to dismiss and the deficiencies in the complaint appeared to be applicable to all defendants, the court issued an order to show cause ("OSC") requiring Dr. Agha-Khan to file a response and appear at a hearing to explain why the complaint should not be dismissed as to all defendants.

Dr. Agha-Khan did not file a written response to the OSC, and she did not appear at the hearing set by the court. On October 29, 2020, the court dismissed the remaining defendants without leave to amend and entered a final judgment in favor of the defendants.

## C.    The Motions For Reconsideration And The Amended Ruling

On November 3, 2020, Dr. Agha-Khan filed a motion for reconsideration, a response to the OSC, and a second motion to disqualify Judge Spraker. She generally argued that the court erred in dismissing the complaint and neither judicial immunity nor judicial estoppel applied.

In her second motion to disqualify, Dr. Agha-Khan again argued that Judge Spraker should recuse himself because of his involvement in Dr. Agha-Khan's prior BAP appeal and because he "deliberately and knowingly ignored" the alleged frauds perpetrated by the defendants.

On March 5, 2021, the bankruptcy court entered an order denying the second motion to disqualify for the same reasons it denied the first motion.

The bankruptcy court also concluded that Dr. Agha-Khan raised the same issues and arguments that she made in opposition to the motions to dismiss and determined that she failed to establish a basis for reconsideration of the dismissal with prejudice as to all nondebtor defendants. However, because potential claims against Debtor did not necessarily suffer from the same defects as nondebtor claims, the bankruptcy court vacated the judgment and amended its prior dismissal order to be without prejudice to claims against Debtor.

The court denied all relief against nondebtor defendants and ordered that any amended complaint be filed by April 5, 2021. The court directed Dr. Agha-Khan "to review the discussion of general pleading required under [Civil Rule] 8, made applicable by [Rule] 9008, and pleading with particularity as to fraud claims required by [Civil Rule] 9(b), made applicable under [Rule] 7009." The court further ordered: "Failure to deliver the amended complaint by the deadline shall result in dismissal of the complaint as to [Debtor] with prejudice."

Dr. Agha-Khan did not file an amended complaint. The bankruptcy court entered an order dismissing all claims against Debtor with prejudice and entered a judgment dismissing the case on April 16, 2021. Dr. Agha-Khan timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). The bankruptcy court also had jurisdiction to determine its

7

own jurisdiction. *Bigelow v. United States*, 267 F.2d 398, 399 (9th Cir. 1959). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion by denying the motions to disqualify?

Did the bankruptcy court err by dismissing Dr. Agha-Khan's complaint with prejudice?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's order granting a motion to dismiss for failure to state a claim under Civil Rule 12(b)(6). *Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1071 (9th Cir. 2012) (en banc). Under de novo review, we look at the matter anew, giving no deference to the bankruptcy court's determinations. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review the bankruptcy court's decision to dismiss a complaint with prejudice for abuse of discretion. *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1150 (9th Cir. 2016). We also review the denial of a motion to recuse for abuse of discretion. *Hale v. U.S. Tr. (In re Basham)*, 208 B.R. 926, 930 (9th Cir. BAP 1997). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

8

## DISCUSSION

### A. Scope Of This Appeal

In her opening brief, Dr. Agha-Khan makes several allegations of criminal wrongdoing, fraud, and conspiracy against the bankruptcy court and defendants which are beyond the scope of this appeal. Our jurisdiction is limited to review of final orders, and with leave, interlocutory orders, of the bankruptcy court. 28 U.S.C. § 158.

Dr. Agha-Khan's arguments which reasonably relate to the bankruptcy court's orders generally fall into three categories: (1) the bankruptcy court was biased and should have recused itself; (2) the bankruptcy court's decision that it lacked jurisdiction over the nondebtor defendants deprived Dr. Agha-Khan of due process and violated her constitutional rights; and (3) the allegations in the complaint were sufficient to withstand the motions to dismiss. We construe her appeal to be from the judgment dismissing all defendants with prejudice, and from the orders denying her motions to disqualify Judge Spraker.[3]

---

[3] SHCA argues that Dr. Agha-Khan failed to timely appeal the order dismissing the nondebtor defendants or the reconsideration order, and it urges us to limit our review to the order dismissing Debtor and the second judgment. The first order dismissing all defendants with prejudice and the first judgment were final, but the time to appeal was tolled by Dr. Agha-Khan's motion for reconsideration. Fed. R. Bankr. P. 8002(b)(1). When the bankruptcy court granted partial relief in its reconsideration order, it vacated the judgment and granted leave for Dr. Agha-Khan to amend the complaint as against Debtor. An order dismissing claims, but granting leave to amend, is not a final order. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997). And an order dismissing some, but not all, defendants is similarly not final. *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680 (9th Cir. 1980). Finally, denial of a motion to recuse is not a

**B.** **The Bankruptcy Court Did Not Err By Denying The Motions To Disqualify.**

Dr. Agha-Khan argues that the bankruptcy court was biased against her and took several improper actions to protect the judicial defendants. She essentially argues that Judge Spraker should have recused himself because he was a member of the BAP Panel that dismissed her appeal in her personal bankruptcy case and because Ninth Circuit judges were named as defendants in the adversary proceeding.

The bankruptcy court correctly held that 28 U.S.C. § 144 applies only to district court judges and not bankruptcy judges. *Seidel v. Durkin (In re Goodwin)*, 194 B.R. 214, 221 (9th Cir. BAP 1996). We evaluate a motion to disqualify a bankruptcy judge under 28 U.S.C. § 455.

Pursuant to 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This includes situations "[w]here [the judge] has a personal bias or prejudice concerning a party," or "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding . . . ." 28 U.S.C. § 455(b). We examine whether an appearance of impropriety exists from an objective standpoint. *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) ("We gauge

_____

final order. *Stewart Enters., Inc. v. Horton (In re Horton)*, 621 F.2d 968, 970 (9th Cir. 1980). All of these non-final orders merged into the judgment entered on April 16, 2021, and

10

appearance by considering how the conduct would be viewed by a reasonable person, not someone hypersensitive or unduly suspicious." (internal quotation marks omitted)). Opinions formed by a judge based on facts introduced in a case do not constitute a basis for recusal unless they display a deep-seated favoritism or antagonism that would make it impossible for the judge to render a fair judgment. *Ortiz v. Stewart*, 149 F.3d 923, 940 (9th Cir. 1998) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Furthermore, a judge has a strong duty to sit when there is no legitimate reason to recuse. *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005).

We agree with the bankruptcy court that a reasonable person could not conclude that Judge Spraker's involvement in Dr. Agha-Khan's prior appeal posed a significant risk that he would be influenced by anything other than the merits of the adversary proceeding. His participation in the appeal was limited to judicial decision-making based on the record presented from a different case, on a different subject, and we see no evidence of extrajudicial bias or prejudice. And the mere fact that Dr. Agha-Khan named Ninth Circuit judges as defendants is insufficient to warrant recusal. *See Sanzaro v. Vega*, No. 2:12-cv-1980-JCM(PAL), 2013 WL 1121501, *1 (D. Nev. Mar. 14, 2013). Finally, the bankruptcy court did not exhibit bias by permitting the United States to appear on behalf of the judicial defendants as amicus curiae.

---

we thus have jurisdiction to consider them.

Dr. Agha-Khan additionally filed a motion to disqualify this Panel, under 28 U.S.C. §§ 144 & 455, based on allegations of bias stemming from the dismissal of her prior appeal in her personal bankruptcy case and allegations of wrongdoing by the Ninth Circuit in her prior appeals. Section 144 applies only to district court judges; it does not apply to appellate judges. *Bernard v. Coyne (In re Bernard)*, 31 F.3d 842, 843 n.3 (9th Cir. 1994) (citing *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 58 (8th Cir. 1976)). We evaluate the motion to recuse this Panel under 28 U.S.C. § 455, and for the same reasons that we affirm the bankruptcy court's denial of the motions to disqualify, the motion is DENIED.

## C. The Bankruptcy Court Did Not Err By Dismissing The Complaint.

Dr. Agha-Khan contends that the bankruptcy court erred by determining that it lacked jurisdiction over nondebtor defendants while maintaining jurisdiction over claims against Debtor. But she does not make, nor do we find, a cogent argument why the court erred.

"Bankruptcy courts have subject matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11.'" *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1285 (9th Cir. 2013) (quoting 28 U.S.C. § 1334(b)). Claims "arise under" title 11 if they involve a cause of action created or determined by a statutory provision of the Bankruptcy Code. *Id.* (citing *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 737 (9th Cir. 2009)). They "arise in" a bankruptcy case if they would not exist outside of a bankruptcy case. *Id.* (citing

12

*Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435-37 (9th Cir. 1995)). None of the civil or criminal claims alleged by Dr. Agha-Khan arose under or arose in the bankruptcy case.

A bankruptcy court may still have subject matter jurisdiction if the claims are "related to" the bankruptcy case. The test for "related to" jurisdiction is whether:

> [T]he outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (cleaned up). Dr. Agha-Khan offers no argument explaining how her claims against nondebtor defendants are related to the bankruptcy. We agree with the bankruptcy court that it lacks jurisdiction over these claims because their outcome would have no effect on Debtor's chapter 7 estate.

The bankruptcy court additionally held that dismissal of the Federal Defendants was warranted based on the doctrines of judicial and sovereign immunity. Judges are immune from civil liability for damages and declaratory, injunctive, or other equitable relief arising from their judicial acts. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds). Judicial

13

immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988) (superseded by statute on other grounds). A judge is not deprived of judicial immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

Dr. Agha-Khan argues that judicial immunity does not apply because the judicial actions were deliberate, criminal, and not discretionary functions. But the allegations in her complaint are based solely on rulings in the District Court cases and subsequent appeals. And as the bankruptcy court concluded, the allegations of criminal actions by the judicial defendants lack factual support and are merely conclusory, unwarranted deductions of fact, which need not be accepted as true.

Finally, "[i]t is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Dr. Agha-Khan has not shown that her claims against the United States fall within any waiver of the United States' sovereign immunity.

The bankruptcy court reasoned that although it had jurisdiction over claims against Debtor, the claims based on alleged frauds surrounding the foreclosure of her properties were previously decided by the District Court.

14

The court further held that the conclusory and threadbare allegations were insufficient to state a claim for relief, but on reconsideration, permitted Dr. Agha-Khan to file an amended complaint to cure the deficiencies.

Dr. Agha-Khan argues that the court erred by ignoring the allegations in her complaint, but she provides no explanation why she failed to file an amended complaint. We agree with the bankruptcy court that the allegations were insufficient to state a claim for relief against Debtor.

## D.     The Bankruptcy Court Did Not Err By Dismissing The Complaint With Prejudice.

Pursuant to Civil Rule 15, made applicable by Rule 7015, leave to amend a complaint should be freely given when justice so requires. The bankruptcy court has discretion to deny leave to amend, and this discretion is "particularly broad" where the plaintiff "has previously been granted leave to amend and has subsequently failed to add the requisite particularity to [its] claims." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017) (cleaned up).

 In determining whether to grant leave to amend, the bankruptcy court should consider several factors including: (1) undue delay; (2) bad faith or dilatory motive by the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the bankruptcy court dismissed the claims against nondebtors with prejudice because it lacked jurisdiction over those claims and, thus, amendment would be futile. It dismissed claims against Debtor because Dr. Agha-Khan was given an opportunity to cure deficiencies through an amended complaint but failed to do so.

Dr. Agha-Khan contends that the bankruptcy court should have transferred the case, but she does not identify where the case should have been transferred or the basis for such a transfer. She does not identify any error in the court's decision to dismiss the complaint with prejudice, and we find no abuse of discretion.

## CONCLUSION

Based on the foregoing, we AFFFIRM the bankruptcy court's orders and judgment dismissing all defendants with prejudice and the court's orders denying Dr. Agha-Khan's motions to disqualify.